Susan D. Tuttle *vs.* Emma H. Merrow.

Kennebec.   Opinion September 24, 1912.

*Advancement.   Action.   Exceptions.   Evidence.   Gift.   Motion.   Pleadings.
Resulting Trust.*

1. To establish a resulting trust by parol evidence the proof must be full, clear and convincing. But the rule may be satisfied though there be only one witness against one, or one against several. The circumstances, the conditions and the probabilities speak, as well as the witnesses.

2. When the issue was whether a transaction in which the plaintiff delivered certain moneys to the defendant, to be used in paying for land, constituted a resulting trust, or was a gift, or advancement from mother to daughter, and the plaintiff, the mother, on cross-examination was asked whether the amount of money was not about what the defendant's interest in her property would be, if she were dead, the answer was properly excluded as immaterial. It had no legitimate tendency to prove a gift.

3. An admission made by a defendant tending to support the plaintiff's contention may be shown by the plaintiff in the first instance, or it may be shown in rebuttal after the defendant has testified.

On motion and exceptions by the defendant.   Overruled.

This is an action for money had and received. The plaintiff and defendant are mother and daughter. The plaintiff claims that the defendant took title to certain real estate in Hallowell. That the sum of twelve hundred dollars was paid therefor, four hundred dollars of which were paid by the plaintiff for one-third interest,. and that the title to the whole was taken in the name of the defendant by mutual agreement. The defendant, thereafter, sold said real estate for $1350.00, and refused to account to the plaintiff for any part of the money so received. The defendant claims that the four hundred dollars contributed by plaintiff towards the purchase price was a gift or advancement of the inheritance which might come to her upon her mother's death. Plea, the general issue. The jury returned a verdict for the plaintiff for $413.40.

The defendant filed a general motion for a new trial and exceptions.

*M. H. Simmons*, for plaintiff.

*M. E. Sawtelle*, for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

SAVAGE, J. Action for money had and received. The plaintiff and defendant are mother and daughter. The plaintiff's claim is that the defendant took title to certain real estate in Hallowell, paying therefor the sum of twelve hundred dollars; that of this purchase price the plaintiff contributed four hundred dollars for a one-third interest in the real estate; that the title to the whole, by mutual agreement, was taken in the name of the defendant; that the defendant mortgaged the real estate to raise the balance of the purchase price; that by reason of said contribution and agreement the defendant held title to an undivided third of said real estate in resulting trust for the plaintiff; that thereafter the defendant sold the real estate and received therefor the sum of thirteen hundred and fifty dollars; and that the defendant refuses to pay over, or account for to the plaintiff any part of the money so received.

On the other hand, the defendant, admitting the receipt of the four hundred dollars from her mother, claims that it was a gift, or to be more exact, an advancement of the inheritance which might come to her upon her mother's death. These contentions raised the sole issue of fact. The jury returned a verdict for the plaintiff, and the case comes up on the defendant's motion for a new trial and exceptions.

Concerning the motion little need be said. Under the pleadings it was incumbent on the plaintiff to show that the defendant held title to an undivided third of the real estate in trust for the plaintiff, and that, by a resulting trust. Then, if such a trust were shown, the defendant would be accountable to the plaintiff for her share of the proceeds of the sale of the property. It is true, as contended by the learned counsel for the defendant, that in order to establish a resulting trust by parole evidence, the proof must be full, clear and convincing. *Burleigh* v. *White*, 64 Maine, 23; *Anderson* v. *Gile*,

107 Maine, 325. The application of this rule usually arises in equity proceedings, where the justices are triers of the facts; but the rule is the same when the question arises in cases tried before juries, as it has in this case. But the rule does not mean that the party seeking to show such a trust must introduce a larger body of evidence, or a larger number of witnesses, than may be introduced by the adverse party. The proof may be full, clear and convincing, though there be only one witness against one, or one against several. The circumstances, the conditions and the probabilities speak, as well as the witness, and sometimes speak with great effect. The appearance of the witness upon the stand counts for much. In this case there is nothing unnatural nor unreasonable in the plaintiff's claim. The jury saw the witnesses. We cannot. The jury believed the plaintiff. We cannot say that they were not warranted in doing so, and in finding, by the requisite degree of proof, that the transaction constituted a trust, and was not a gift. The motion must be overruled.

So must the exceptions. We have examined them all, though only two are much relied upon. We find no merit in them. The two that are relied upon are these:—for the purpose of showing a gift of the money to the defendant, the plaintiff was asked on cross examination the following question: "As a matter of fact was not this $400 about what Mrs. Merrow's interest in your property would be if you died?" The answer was excluded as immaterial, and an exception was taken. The exclusion was correct. If the answer had been admitted, and had been in the affirmative, it would have had no legitimate tendency to prove a gift.

In rebuttal, the plaintiff, against the objection and exception of the defendant, was permitted to introduce a letter written by the defendant to her sister, in which, among other things more or less significant, was this sentence:—"The $400 that she [the plaintiff] *put in the place* would not do *us* any good unless *we* keep the payments up and taxes paid." (The italics are ours.) The word "payments" doubtless refers to payments on the mortgage debt. This statement made by the defendant certainly had a tendency to rebut her claim and testimony that the $400 was a gift to her, and so it was clearly admissible in rebuttal. It also would have been admissible, in support of the plaintiff's contention, in the first

instance, as being an admission by the defendant. And it was properly open to the consideration of the jury in both aspects.

It follows that the entry must be,

*Motion and exceptions overruled.*