SARAH H. GLEDHILL *vs.* ALICE W. MCCOOMBS.

Somerset. Opinion March 31, 1913.

*Administrator. Assignment. Assumpsit. Executors. Equitable Interest Evidence. Gift. Life Insurance. Money had and Received. Nominal Party. Party. Parties. Policy. Revised Statutes, Chapter 84, Section 112. Title.*

1.  A policy of life insurance, payable to the legal representatives of the assured, may be the subject of gift.
2.  Such gift may be effected by mere delivery, without assignment of the instrument.
3.  Such gift must be accompanied by such words or acts on the part of the donor as to indicate a clear intention to give, coupled with the subsequent retention by the donee.
4.  To establish a gift of this nature, where the donor has deceased, and the opportunity for fraud is great, the evidence should be full, clear and convincing.
5.  This action was properly brought against the defendant personally, instead of against her as administratrix of this estate, because the policy did not belong to the estate and the defendant as administratrix had no rights in it.
6.  The action being against the defendant individually, the plaintiff was a competent witness.

On report. Judgment for the plaintiff for $9,907.40 with interest from February 24, 1912, the date of admitted demand.

This is an action of assumpsit for money had and received, brought by the mother of Edwin Gledhill, deceased, against his wife to recover the sum of $9,907.40, being the proceeds of a policy of life insurance taken out by said Gledhill for the sum of $10,000 and made payable, in the event of his death, to his executors, administrators or assigns. This policy, the plaintiff claims, was given to her by Edwin Gledhill prior to his marriage, which she accepted, kept and retained as her own. Plea, the general issue. A brief statement by defendant and a counter brief statement by plaintiff were filed. At the conclusion of the evidence the case was reported to the Law Court upon so much of the evidence as is legally admissible, the Law Court to render such final judgment therein as the law and the admissible evidence require.

The case is stated in the opinion.

*George W. Gower,* for plaintiff.

*Butler & Butler,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, BIRD, HANSON, JJ.

CORNISH, J. This is an action of assumpsit for money had and received, brought by the mother of Edwin Gledhill against his wife to recover the sum of $9,907.40, the proceeds of a policy of life insurance taken out by said Gledhill in the Union Mutual Life Insurance Company of Portland, Maine, on November 5, 1901, for the sum of $10,000 and payable in the event of his death to his executors, administrators or assigns.

The plaintiff claims that prior to her son's marriage to the defendant he gave the plaintiff a life insurance policy which she accepted and kept as her own. To quote her own words: "He says, 'Here is an insurance policy on my life, mother. It is for you, mother, and take care of it, and if anything happens to me, it will be some help to you. . . . Take it and put it away;' and I locked it up." After his marriage to the defendant in January, 1903, at her son's request and upon his promise to return to her the same or another policy within a few days, she delivered to him the first policy, and within three or four days he brought to her the policy in suit. Whether it is the same one as the first, or another,

the plaintiff does not know; and the fact is immaterial to the issue. His words, on returning the policy, were these: "Here is your policy, mother, for $10,000. Take care of it." She accepted it, and heeded his injunction, keeping it in her exclusive possession until after his decease.

The policy was then sent by the plaintiff to the defendant after she was appointed administratrix, was collected by her, as administratrix, and is now claimed by her as alleged in her pleadings "as widow of said Edwin Gledhill in accordance with the law of descent and that it came from the estate of said Edwin Gledhill and the payment thereof made a part of the account of the administratrix of said estate, and that no objection was ever made to the allowance of said account and no appeal was ever taken therefrom by the plaintiff."

In view of the overwhelming authority that a policy of life insurance payable to the legal representatives of the assured may be made the subject of gift, in the same manner as other choses in action, and that such gift may be effected by the mere delivery, without assignment of the instrument, if accompanied by such words or acts on the part of the donor as indicate a clear intention to give, coupled with the subsequent retention by the donee, it cannot be seriously contended here that, if the necessary elements of fact are proved, the gift was not consummated.

Thus, a valid gift of a negotiable promissory note may be made without indorsement or other writing. *Grow* v. *Grow*, 24 Pick., 261; *Borneman* v. *Sidlinger*, 15 Maine, 429; *Wing* v. *Merchant*, 57 Maine 383; of a savings bank book unaccompanied by an assignment, *Pierce* v. *Savings Bank*, 129 Mass., 425; *Hill* v. *Stevenson*, 63 Maine, 364; of unindorsed certificates of stock, *Reed* v. *Copeland*, 50 Conn., 472; and of an unassigned life insurance policy, *Chapman* v. *McIlraith*, 77 Mo., 38, 46 Am. Rep., 1; *Hane* v. *Germania Life Ins. Co.*, 197 Pa. St., 276, 47 At., 200; *Travelers Ins. Co.* v. *Grant*, 54 N. J. Eq., 208, 33 At., 1060; *Knowles* v. *Knowles*, 205 Mass., 290; *Opitz* v. *Karel*, 118 Wis., 527, 62 L. R. A., 982; *Lord* v. *N. Y. Life Ins. Co.*, 27 Tex. Civ. App., 139, 65 S. W., 699. This rule of law is recognized by this court in *Brown* v. *Crafts*, 98 Maine, 40, as follows: "The delivery of this property

was not incomplete by reason of the lack of formal indorsement or assignment of certificates of stock, bonds or notes. The gift of these choses in action could have been completely executed by simple delivery with the intent at once to pass the title. Delivery with intent to pass the title irrevocably is sufficient." In such case, of course, it is the equitable or beneficial interest that passes, while the mere naked legal title remains in the donor.

The right and power to give in this manner being established, the next question is, did Edwin Gledhill in fact give this policy to his mother, with the full intent of transferring all rights thereunder to her?

The measure of proof in this class of cases should be ample. It should be full, clear and convincing, because the opportunity for fraud is so great. Oftentimes, the circumstances are such as to oblige the court to look with suspicion upon the claim of the alleged donee. But the case at bar is free from all such suspicion.

The uncontradicted evidence shows that Edwin Gledhill was the prop and stay of his mother after his father's death. She was left practically without means and he, as the oldest child, largely supported her. He paid her rent and gave her money with which to maintain her home. He paid all the expenses connected with a serious surgical operation, and sent her twice to Europe. The relations between mother and son were so close and tender as to render this gift most natural. The mother's testimony, already quoted, as to what was said and done when Edwin handed her the policy leaves nothing wanting to make it a completed gift. From that time he never exercised the slightest authority or claim over the policy, but it remained continuously in her exclusive possession until after his death, a fact which is of great weight when we consider that he had taken out $27,000 in addition to the policy in suit, $10,000 of which ran to his wife as beneficiary and the balance, $17,000, to his estate. All these policies he evidently kept himself; but what he had termed his mother's policy, she kept; and it was in her possession when he died.

The learned counsel for the defendant interposes an objection to the admissibility of the plaintiff's testimony on the ground that "this action must be deemed to be against the defendant in her capacity as administratrix." This assumption is wrong. The suit

is against the defendant individually, and therefore the provisions of R. S., Chap. 84, Sec. 112 have no application. *Wentworth* v. *Wentworth,* 71 Maine, 72; *Goulding* v. *Horbury,* 85 Maine, 227; *Golder* v. *Golder,* 95 Maine, 259.

Moreover, the plaintiff's evidence as to the perfected gift is corroborated by that of other members of the family, and especially by the son's business associates and closest personal friends, to whom he had stated in varying expressions, and often, that he had provided for his mother, or had given her a $10,000 policy. Only a day or two before his death, he told Mr. Stewart, his companion on the ill-fated journey that resulted in his accidental drowning, that "he had a certain amount of insurance that ran to Alice; and a certain amount that ran to his mother, he had given to his mother."

The evidence of these eight associates and friends comes free from any selfish bias, and is absolutely convincing.

That Edwin Gledhill intended to give, did give, and subsequently acknowledged the gift on many occasions, is proved conclusively.

So much for the merits of the case.

The defendant, however, interposes the further objection that this action should have been brought against the defendant as administratrix and not against her personally. This point if sustained would work a substantial defence because the plaintiff would be thereby left remediless, as the time for bringing an action against the estate has long since expired. She rests this contention upon the claim that the policy, in terms, was payable to the estate, that it could have been collected only by the administratrix, that it was so collected in fact and turned into the estate, being accounted for in the Probate Court, citing *Lee* v. *Chase,* 58 Maine, 432, and *Woodward* v. *Perry,* 85 Maine, 440. These cases, however, can be readily distinguished from the case at bar.

*Lee* v. *Chase,* supra, holds that a widow cannot maintain assumpsit to recover the one-third of the proceeds of a life insurance policy to which she would be entitled by descent, if the estate were the beneficiary, against a person to whom the policy had been assigned as trustee for the children, and who as trustee had collected it, and was holding it in trust. Her avenue of relief is the Probate Court, because under the statute if the policy belonged to

the estate, its proceeds were there to be distributed, and to quote the language of the opinion, "The policy belonged to the estate or it did not. If it did not belong to the estate, but had been previously assigned in good faith, neither the administrator nor the plaintiff had any claim upon the money collected by the assignee."

In *Woodward* v. *Perry,* supra, the controversy arose over war premiums recovered in the Court of Commissioners of Alabama Claims by the defendant as administrator of the estate of one Given. The funds admittedly belonged to the estate, and therefore it was held that the defendant was liable in his representative capacity only.

The distinction between these cases and that at bar is apparent. In the case at bar, the policy did not belong to the estate; and the defendant as administratrix had no rights in it. It is true that, as the naked legal title remained in the estate, it must be collected in her name. But, she was simply the agency therefor, the conduit through which the proceeds were to pass to their true owner. Her position was nominal merely. The plaintiff could doubtless have maintained an action against the insurance company, if necessary, in the name of the equitable assignor, that is, in the name of the defendant as administratrix, *Borneman* v. *Sidlinger,* 15 Maine, 429, and even against the protest of such administratrix, *Bates* v. *Kempton,* 7 Gray, 382; *Pierce* v. *Savings Bank,* 129 Mass., 425. The defendant's refusal to sue or to have her name used could not destroy the plaintiff's rights under the policy. The proceeds, when collected, belonged to the plaintiff and not to the estate. The defendant had neither the right nor the power to treat the proceeds as a part of the estate, thus rendering the last three years, premiums subject to the claims of the creditors, and reducing her liability under the statute of limitations from a period of six years to eighteen months.

Her attempt to make the proceeds a part of the estate and then to withdraw them as widow under a claim of distribution was futile and the plaintiff was not bound thereby. The plaintiff was not a creditor of her son before, nor of his estate after his decease. It is not a case where new assets have come into the estate, as in *Thurston* v. *Lowder,* 40 Maine, 197, and *Thurston* v. *Doane,* 47 Maine,

79, cited by the defendant; but these funds have never properly come into the estate at all because they were the property of the plaintiff.

The same point was raised in *Goulding* v. *Horbury*, 85 Maine, 227, where the administrator of a donor wrongfully converted property of the donee to the use of the estate of the donor upon the belief that the property was not legally given by the donor to the donee; and was answered by Chief Justice Peters in the course of the opinion as follows, "Another question arose at the trial, the defendant contending that the action should, even if the gift is to be regarded as proved, be brought against him in his representative capacity as administrator of the donor instead of against him personally. This position cannot be safely admitted. The consequences would in many cases be harsh and unjust were that principle to prevail. The defendant must administer upon the donor's property, not upon the donee's. Your executor or administrator is entitled to the possession of your and not my property."

Our conclusion, therefore, is that this policy of insurance was given to the plaintiff, that its proceeds are wrongfully withheld from her by the defendant, and this action for money had and received lies to recover it.

*Judgment for plaintiff for $9,907.40, with interest from February 24, 1912, the date of admitted demand.*