THE TRAVELERS INSURANCE COMPANY *vs.* VIRGINIUS J. MAYO ET ALS.

Third Judicial District, New Haven, June Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, JS.

A provision in a policy of life insurance that an assignment, to be binding on the company, must be in writing, exists solely for the insurer's benefit and may be waived by it.

An assignment of a chose in action is not valid as against bona fide

Travelers Ins. Co. *v.* Mayo.

purchasers and creditors unless notice is given to the debtor within a reasonable time; but even without such notice, the assignee acquires an equitable interest which will be protected against all persons except those having superior equities.

In the absence of fraud, an attaching creditor takes only such interest as his debtor has at the time of the attachment, unless he has been misled into extending credit in reliance upon the debtor's apparent ownership of the property.

A parol assignment of a policy of life insurance, when accompanied by delivery, is sufficient to vest in the assignee at least an equitable title in the proceeds.

In the present case, the plaintiff company brought an action of interpleader to determine the disposition of the proceeds of a policy of insurance issued upon the life of Mayo and payable to him if he survived the maturity date; but at the time of its issuance and in the presence of the plaintiff's agent, it was orally agreed between Mayo and the defendant M, who was then living with him as his wife in ignorance of the fact that their marriage was bigamous, that his entire interest in the policy should belong to her, she having paid the entire premium and having taken possession of the policy. Two days after the maturity of the policy, the defendant S brought an action against Mayo upon a promissory note executed subsequent to the issuance of the policy, and served the plaintiff with garnishee process, by virtue of which, having later obtained judgment against Mayo, he claimed to be entitled to the avails of the policy as against the defendant M. *Held:*

1. That the trial court did not err in overruling the claim of the defendant S and in concluding that a trust relation existed between Mayo and the defendant M whereby she acquired an equitable title to the instrument itself and to its proceeds.

2. That, upon the facts set forth in the finding, there was no basis for the claim of the defendant M that the judgment in her favor could also be supported on the theory that the plaintiff was charged with notice of the oral agreement made in the presence of its agent, since it did not appear that his powers exceeded those of an ordinary solicitor, and since there was no finding that he had actually overheard the conversation.

3. That it was unnecessary to pass upon the question whether § 5277 of the General Statutes, relating to the rights of a wife as beneficiary under a policy of life insurance effected by her husband, applied to the facts in the present case.

The case of *Back* v. *Peoples National Fire Ins. Co.*, 97 Conn. 336, explained and distinguished.

Argued June 4th—decided September 19th, 1925.

ACTION of interpleader to determine the disposition of the proceeds of a policy of insurance, brought to the Superior Court in New Haven County; the court, *Webb, J.,* rendered an interlocutory judgment of interpleader, after which the defendants Slade and Meyer filed their respective claims, and the issues were tried to the court, *Brown, J.;* judgment for the defendant Meyer, from which the defendant Slade appealed. *No error.*

In April, 1904, defendant Mayo and defendant Wilhelmina Meyer intermarried in New York City and afterward came to reside in New Haven, and there, on April 18th, 1908, living as husband and wife, obtained from the plaintiff an insurance policy for $1,000 upon the life of Mayo, which contained the provision that the proceeds were payable to Wilhelmina Mayo (named Meyer in this action) as the beneficiary upon Mayo's death, or to Mayo, as the insured, if he survived the maturity date of April 18th, 1923. Mayo did survive the maturity date. This policy was paid for by a single premium of $685.38 by Meyer from her own funds when issued, and the policy was then delivered to her by the plaintiff, and was kept in her possession continuously thereafter until the trial of this action. The evidence did not disclose that written notice of any assignment of his interest in this policy to Meyer by Mayo was given to the plaintiff, but the premium therefor was paid by the check of Meyer, which plaintiff collected.

It was orally agreed by Mayo and Meyer at the time of the issuance of the policy, that Meyer was and should be the full owner of the policy, and that it was secured and issued for her sole benefit, and whenever the proceeds were to be paid they were to be paid to Meyer. This oral agreement was in the presence, and within the hearing, of the plaintiff's

duly authorized agent, who was selling the policy for the plaintiff. At the time of the issuance of the policy, the plaintiff had notice and knowledge that the proceeds were to be paid to Meyer whenever paid. At, on or about the time of the issuance of this policy, there was another policy issued by the plaintiff on the life of Meyer, in which Mayo was named as beneficiary. The premium on this policy was also paid by Meyer. Further than the foregoing, the tenor, terms, and conditions of this policy do not appear.

Mayo and Meyer continued to live together as husband and wife, until the year 1915, when they separated upon her discovery that he had another wife, by a prior marriage, living. After this separation Meyer brought an action against Mayo for fraud and deceit and recovered judgment thereon. From the time of the marriage in 1904 to the time of the separation in 1915, Meyer believed that she was the lawful wife of Mayo and she acted in good faith. In 1917, Slade became the owner of a note of Mayo. On April 20th, 1923, Slade began a civil action against Mayo on the note and caused garnishee process to be served on the plaintiff. This process was served two days after the policy had matured. On January 10th, 1924, the Court of Common Pleas for New Haven County rendered judgment for Slade to recover, including costs, $759.90. Execution upon this judgment was returned unsatisfied on February 10th, 1924. The present action of interpleader was instituted January 21st, 1924. Mayo at no time made claim to the proceeds, or any part thereof, of the policy.

The memorandum of decision and a copy of the insurance policy are made parts of the court's finding.

The court reached the following conclusions: "1. The defendant Meyer is entitled to the proceeds of said policy minus $85 awarded the plaintiff for counsel

fees and expenses.  2. The defendant Slade is entitled to no part of the proceeds of said policy."

Further facts appear in the opinion.

In his reasons of appeal, defendant Slade assigns certain errors, which will be stated and considered in the opinion.

*Benjamin Slade* and *Samuel H. Platcow,* for the appellant (defendant Slade).

*David M. Reilly,* with whom, on the brief, was *Frank W. Daley,* for the appellee (defendant Meyer).

KEELER, J.   The various errors assigned by the appellant are grouped in his brief for purposes of argument, and will be stated and discussed in this opinion, as so presented.

The first alleged error is that the court incorrectly held that the facts found brought the case within the purview of General Statutes, § 5277, which secures the payment to the wife upon an insurance policy effected by her husband with her as the beneficiary, or when she takes the benefit of a policy transferred to her, free from all claims of creditors, subject to certain other provisions not material to the present discussion.   In the construction of statutes of other States of similar import and of like purpose, there is not an unanimity of authority, and as we have arrived at a conclusion favorable to the contention of the defendant Meyer on other grounds, it is not necessary to pass upon this question.

The second point alleges error in that the court, upon the facts found, ruled that a trust existed in favor of Meyer, and that the private oral agreement between Mayo and Meyer was valid against the appellant.   The defendant Slade insists that the pay-

ment of the premium by Meyer, the delivery of the policy to her and her continuous possession thereafter, and her agreement with Mayo, cannot reach the proceeds of the policy as against the appellant, a bona fide attaching creditor; that in order to effect a trust settlement in favor of Meyer, a disposition to that effect should have been included in the instrument itself; and further, that all oral agreements simultaneous with the execution and delivery of the policy are merged in its terms and cannot modify it, since the policy itself provides the manner of payment of the proceeds. This does not meet the ruling of the trial judge, which was not that the provisions of the contract—terms of the policy—were modified, but that the equitable title to the instrument itself and its proceeds passed to Meyer. The defendant Slade further claims that it does not appear from the finding that any changes or modifications were made in the policy, and that by its express provision no change or modification could be made, except by written agreement. This is true, but no attempt was made to alter the contract. The agreement of Mayo and Meyer was not to modify the contract, but to change its ownership, and to make the proceeds, upon the maturity of the policy, payable not to Mayo, legally entitled thereto by its terms, but to Meyer as equitable owner of whatever Mayo would otherwise have had.

The provision in the policy requiring that assignments, to be binding on the company, shall be in writing and a copy furnished to it, is one for the benefit solely of the company, and may be waived. *Spencer* v. *Myers*, 150 N. Y. 269, 44 N. E. 942; 4 Joyce on Insurance (2d Ed.) §§ 2326, 2326a; 2 Cooley, Briefs on Insurance, 1100. The plaintiff certainly has waived it in the instant case, by bringing its action of interpleader in this form. It has expressly alleged in

the complaint that it has no claim upon the property, and has left the defendants to assert their rights thereto. Had the plaintiff desired to stand upon this provision of the policy, it could have raised the question by bringing the action of interpleader in the statutory form and thereby secured a determination of its own right in this regard, as well as a determination of the rights of the defendant Slade. Or, plaintiff might have refused payment to Meyer and defended an action brought by her, in which indemnification from defendant Slade could have probably been obtained. This express provision did not in any way inure to the benefit of Slade or any other creditor.

To have any standing by reason of want of notice of the assignment of the policy by Mayo to Meyer, defendant Slade must rely upon some defect or invalidity at common law as to the assignment of choses in action with respect to the method of the assignment in connection with notice thereof to the plaintiff, and this he does by claiming that an assignment, to have validity, must be brought to the notice of the debtor. Supporting this contention he cites *Bishop* v. *Holcomb*, 10 Conn. 444. The case is a leading one, and holds that, in order to perfect the assignment of a chose in action as against bona fide purchasers and creditors, notice of such assignment must be given to the debtor within a reasonable time. The case, however, further holds that such an assignment is valid between the parties without notice to the debtor, and creates an equitable interest which will be protected against all persons except those having superior equities, that is, persons presumed to have been misled to their harm by the want of notice. There is no claim that in the present case there existed any design to defraud creditors, and there is no claim that Mayo was insolvent, or that Slade was at that time a creditor;

the issuance of the policy in no way depleted Mayo financially, since Meyer paid the premium. The defendant Slade's interest presumably arose sometime afterward, and it is not claimed that he extended credit on the faith of the existence of this insurance policy or knew anything about it. His position was not therefore one involving an equity superior to that of Meyer. The assignment of the policy was good between Mayo and Meyer, and gave the latter an equitable ownership in the entire proceeds, leaving to Mayo only a bare legal title, held, as we shall hereafter see, for the benefit of Meyer. The contract was lawful and valid. *Darcy* v. *Ryan*, 44 Conn. 518; *Gilligan* v. *Lord*, 51 Conn. 562; *Barbour* v. *Connecticut Mut. Life Ins. Co.*, 61 Conn. 240, 23 Atl. 154. The fact that Meyer was not in fact the wife of Mayo does not detract from the force of the reasoning on which these last cited cases proceed, especially when, as in this case, ample pecuniary consideration passed from Meyer when the policy was issued.

In the absence of fraud an attaching creditor takes only such title as the debtor had at the time, unless he has been misled by an apparent ownership of the property attached of the debtor, and has given credit on the faith of such ownership. *Waterman* v. *Buckingham*, 79 Conn. 286, 64 Atl. 212; *Shaw* v. *Jackson*, 92 Conn. 345, 102 Atl. 736; *Fosdick* v. *Roberson*, 91 Conn. 571, 100 Atl. 1059.

The attack of the defendant Slade is, however, principally embodied in a claim that the transaction between Mayo and Meyer, as detailed in the finding of facts, does not constitute an agreement on the part of the former whereby he made a trust settlement upon the latter of the proceeds of the policy, taking into consideration the orality of the agreement and the obligations flowing from the terms of the policy.

Had Mayo executed an assignment in writing of the policy and filed a copy thereof with plaintiff company, he would have conferred upon Meyer a complete ownership of the contract and its proceeds. Not having done this, his gift of the policy created in Meyer a complete beneficial interest in the contract, while Mayo held the bare legal title for her benefit. We do not forget that we have held that the plaintiff has by its conduct in this action waived the requirement of a written assignment and notice, but it had not done so at that time, and the prerequisite of complete assignment was not complied with.

The creation of the trust relation between Mayo and Meyer required some sort of a transfer of the policy. Such a transfer was made by the agreement between them, that Meyer should be the full owner of the policy, that it was taken out for her sole benefit, that whenever the proceeds became available they were to be paid to her, and that she should keep possession of the policy. To this we may add that she paid the premium on the policy.

A parol assignment of a policy, accompanied by delivery, is valid to vest in the assignee an equitable title at least in the proceeds. 4 Joyce on Insurance (2d Ed.) §§ 2326, 2326a. "A delivery of the policy, with the intention on the part of both parties of thereby transferring certain rights, will operate as an assignment of such rights, without the formality of a written contract." 2 Cooley, Briefs on Insurance, 1100, and Supplement to same, Vol. 6, 428. *Gledhill* v. *McCoombs,* 110 Me. 341, 86 Atl. 247, is an important case; and in the note to that case, reported in 34 Amer. & Eng. Anno. Cases, 298, an extensive collection of supporting cases appears, evidencing the law of most jurisdictions. See also *Janes* v. *Falk,* 50 N. J. Eq. 468, 26 Atl. 138; *Travelers Ins. Co.* v. *Grant,* 54 N.

J. Eq. 208, 33 Atl. 1060; *Crews* v. *Crews' Admr.*, 113 Ky. 152, 67 S. W. 276. The following cited cases have an intimate bearing upon the agreements and surrounding circumstances in the instant case. Had Mayo gotten possession of the policy, he could not have assigned or otherwise disposed of the same as against Meyer, by reason of her equitable interest. *Lemon* v. *Phœnix Mutual Life Ins. Co.*, 38 Conn. 294; *Chapin* v. *Fellowes*, 36 Conn. 132. In *Pingrey* v. *National Life Ins. Co.*, 144 Mass. 374, 11 N. E. 562, we find a case in which the facts are similar to those of the instant case. A son procured an endowment policy payable to himself if living and in case of death to his mother. There was an understanding when it was first taken out that it was obtained for the benefit of the mother, and on that understanding the sister and mother of the insured paid or contributed to the payment of the first premium. Afterward the son told his mother that he had procured the policy and showed it to her. There was a full understanding between them that the policy should be taken out for the benefit of the mother, and afterward that it had been so done. It was payable to her, with the intent that she should have the benefit. The court says: "This constituted a valid settlement in her favor. Nothing remained to be done by him to complete it. He might, indeed, afterwards fail to pay the annual premiums. This, however, does not prevent it from being a good trust." As a matter of fact, in this case the son married, surrendered the policy, and took out a new one payable to his wife, and died before the maturity of the second policy. The court held that throughout the transaction the son was a trustee for his mother, that he could not revoke the trust settlement, and the mother was entitled to the proceeds of the first policy. *Chapin* v. *Fellowes*, and *Lemon* v. *Phœnix Mutual Life Ins. Co.*,

*supra,* are cited and commented on, and considered as in accord with the position taken by the Massachusetts court.

Thus it follows that Mayo had, at the maturity, no interest or ownership in this policy that was beneficial, transmissible, or subject to attachment, by reason of his naked legal position as the insured, and the defendant Slade took nothing by his factorizing attachment. The trial court also placed its disposition of the case upon a finding of notice to the plaintiff of the assignment by Mayo to Meyer, in that the plaintiff was charged with notice and knowledge by reason of the fact that plaintiff's duly authorized agent who negotiated the issuance of the policy was present at the time the oral agreement was made between Mayo and Meyer and within hearing of what was said. The finding of notice is a conclusion as to an ultimate fact, based on the other facts just noted. Defendant Meyer claims that this notice to the agent, chargeable to the plaintiff, brings the case within the rule laid down in *Bishop* v. *Holcomb,* 10 Conn. 444, and relies upon our decision in *Back* v. *Peoples National Fire Ins. Co.,* 97 Conn. 336, 116 Atl. 603, as supporting her contention. In that case it appeared that the defendant company issued a policy to the plaintiff covering a building which in fact was situated upon leased ground; the policy provided that in case the building stood upon ground not owned by the insured in fee simple it should be void. The insured expressly informed the soliciting agent of the fact that he did not own the ground whereon the building stood. We held that the knowledge of the agent of the true facts was the knowledge of the company, since the ascertainment of facts relating to the character and title of the property insured was peculiarly the function of a soliciting agent, and that he was acting within the

scope of his authority. We therefore concluded that the real agreement of the parties contemplated a policy upon a building on leased land, and sustained the reformation of the policy by the trial court. We do not think that the rather meager facts found in the instant case bring it within the purview of the case just considered. It does not appear from the record that the agent was other than an ordinary solicitor of life insurance, and as such his agency and function was not such as to charge the employing company with any facts which incidentally came to his knowledge regarding the disposition to be made of a policy when issued by reason of a conversation in his presence and hearing. It is not found that he actually heard the conversation, or that, if heard, he communicated it to the plaintiff. We cannot hold that the finding of the ultimate fact of notice to the company was justified by the subordinate facts found.

The decision of the case must rest upon the existence of a trust settlement between Mayo and Meyer as above considered.

There is no error.

In this opinion the other judges concurred.