FRANK E. AUSTIN

*vs.*

HERBERT P. AUSTIN AND JEANETTE P. AUSTIN.

Cumberland.    Opinion, April 13, 1937.

*Wilfred A. Hay,*
*Abraham Breitbard,*
*Joseph P. Connellan,* for plaintiff.
*Sherman I. Gould,*
*Charles H. Shackley,* for defendants.

SITTING: DUNN, C. J., STURGIS, BARNES, HUDSON, MANSER, JJ.

HUDSON, J.   On appeal in equity from a decree by a single Justice, impressing a trust upon certain real estate in the City of Portland and ordering the defendants to convey it to the plaintiff. That the decree is warranted in law (the necessary facts being

clearly and indubitably proven) there is no question, for it is well settled in this state that (1) where real estate is conveyed upon the faith of the promise of a grantee to make a will devising it to the grantor and failure to do so would be a fraud, equity raises a constructive trust and declares that the grantee holds the property so impressed. *Androscoggin County Savings Bank* v. *Tracy et al.*, 115 Me., 433, 99 A., 257; *Gilpatrick et al.* v. *Glidden, admr. et al.*, 81 Me., 137, 16 A., 464; *Grant* v. *Bradstreet et al.*, 87 Me., 583, 33 A., 165; also see *Whitehouse* v. *Bolster, Trustee, et al.*, 95 Me., 458, 50 A., 240, 242; and (2) the trust thus impressed follows the real estate into the hands of any subsequent holder who is not a bona fide purchaser thereof without notice. *Bailey* v. *Coffin et al.*, 115 Me., 495, 99 A., 447; *Gilpatrick* v. *Glidden*, supra; *Androscoggin County Savings Bank* v. *Tracy et al.*, supra; R. S. 1930, Chap. 87, Sec. 18.

But where it is sought in effect to destroy a muniment of title by the establishment of an oral contract, proof of such contract must be "full, clear and convincing." *Fall* v. *Fall et al.*, 107 Me., 539, 81 A., 865, 866; *Liberty* v. *Haines, Admr.*, 103 Me., 182, 68 A., 738; *Viele et al.* v. *Curtis*, 116 Me., 328, 101 A., 966. Parol trusts of this character must be established by "clear and indubitable evidence." *Whitehouse* v. *Bolster*, supra. And yet that does not mean, necessarily, "that the party seeking to show such a trust must introduce a larger body of evidence, or a larger number of witnesses, than may be introduced by the adverse party. The proof may be full, clear and convincing, though there be only one witness against one, or one against several." *Tuttle* v. *Merrow*, 109 Me., 347, 349, 84 A., 463, 464. Such proof does not require the certainty of mathematical demonstration but it does call for the production of evidence that satisfies the conscience of the court that the truth is established clearly and indubitably.

The plaintiff and the defendant, Herbert P. Austin, are brothers; Jeanette, the other defendant, being the wife of Herbert. Susan Austin died intestate on November 24, 1899, owning the real estate in question, her homestead. Besides her two sons just mentioned, she left an unmarried daughter, Alida, then forty-one years of age. Upon the death of their mother, this property was inherited in equal shares by Frank, Herbert and Alida. On December 1, 1899,

the two brothers conveyed their interest to their sister by quitclaim deed, which in terms was absolute and unqualified. On April 14, 1934, Alida deeded the homestead, with full covenants of warranty, to the defendants. She died intestate August 8, 1934.

The plaintiff's contention is that when she took this deed, she agreed with the grantors that she would "leave a will, willing it back" to them. This the defendants deny in toto. The Justice below found "that there was an agreement by her" (meaning Alida) "at the time she received the conveyance of the property from her brothers to return it to them in equal shares, that this agreement was known to both defendants, and that to permit them to retain the whole title would constitute a fraud on the plaintiff" and impressed a trust upon the property.

In order to determine wherein lay the truth, the court was called upon to pass upon the veracity of the parties. Both brothers could not have testified truthfully. Which did? Furthermore, most of the witnesses were interested and no doubt biased, as were the parties. Which witnesses, if any, the plaintiff's or the defendants', either related that which was not true, or innocently, led on by undue interest in the litigation, colored the situation and presented it differently from its actuality? These were questions for the presiding Justice. He saw and heard the parties and witnesses as they gave their testimony. "The appearance of the witness upon the stand counts for much." *Tuttle* v. *Merrow*, supra. What the court saw in the appearance of the parties and their witnesses is not in the record. What he heard is, but perhaps not as he heard it, for the way a thing is said many times stamps it true or false. In *Young* v. *Witham*, 75 Me., 536, Chief Justice Peters said:

> "When the testimony is conflicting, the Judge has an opportunity to form an opinion of the credibility of witnesses, not afforded to the full court. Often there are things passing before the eye of a trial judge that are not capable of being preserved in the record." Also see *Sposedo* v. *Merriman et al.*, 111 Me., 530, 90 A., 387.

The immediate testimony with relation to the making of the alleged contract came only from the parties themselves. Other evidence claimed to have a tendency to corroborate their contentions

came principally from interested witnesses. It was peculiarly a case in which the decision necessarily had to depend upon the determination of which party and his witnesses were telling the truth. We have read the testimony carefully and think no particularly useful purpose would be served by a detailed analysis of it. It is sufficient to say that the record discloses adequate support for the findings of fact and the raising of a constructive trust in the given situation.

It is necessary, however, to mention an erroneous provision in the decree and indicate its correction. The Justice ordered that the defendants should "make, execute, acknowledge and deliver to the said plaintiff, Frank E. Austin, . . . a deed of quit claim . . . of *an undivided one half interest* in and to the premises described in the bill of complaint. . . ." He also decreed that the plaintiff "is entitled *to one half* of the net rents and profits of said premises since August 8th, 1934 . . . ," the date of Alida's death. We think the plaintiff is entitled to receive by deed only a *third* in common and undivided instead of a *half interest* as decreed, for the reason that it was only the third owned and deeded by him, which became impressed with the trust in his behalf. It follows that the plaintiff is entitled to receive only a third (not half) of the net rents and profits since August 8, 1934.

The Justice below found that the plaintiff established his complaint by full, clear and convincing evidence and it has not been demonstrated that he clearly erred in reaching that decision. Quite the contrary is true.

*Appeal dismissed. Case remanded for entry of decree in accordance with this opinion.*