**In re ESTATE OF Clifford CORMIER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 7, 1990.
Decided Sept. 25, 1990.

2. Replaced as to medical malpractice by P.L. 1985, c. 804 (applicable only to actions commenced on or after August 1, 1988).

L. James Lavertu, Madawaska, for plaintiff.

Harold Stewart, Presque Isle, for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

Beatrice Allen, personal representative of the Estate of Agathe Beaulieu, appeals from an order of the Aroostook County Probate Court (*Dunleavy, J.*) holding that a joint savings account in the name of Agathe Beaulieu and Clifford Cormier passed to the beneficiary under Cormier's will. On appeal, Beatrice Allen contends that the court erred in concluding that her decedent did not become the legal owner of the account by right of survivorship and further, that the court committed error in finding, in the alternative, a gift from Agathe Beaulieu to the beneficiary under Cormier's will. We agree and vacate the judgment.

■ Clifford Cormier executed his last will and testament in 1982 and left his estate, including his "savings and checking accounts at Northern National Bank," [1] to his niece Linda Brewer. In 1984, Cormier and his sister, Agathe Beaulieu, created a

joint savings account at Casco Northern Bank with a right of survivorship. After Cormier's death in 1988, Brewer and Beaulieu went to the bank and Beaulieu signed a withdrawal slip for the balance of the joint account and the bank issued a check for that balance to Brewer. Thereafter, Beaulieu filed a petition requesting a determination of the ownership of the joint account. After hearing, the court declared that the joint account belonged to Brewer. On Beaulieu's motion for findings of facts and conclusions of law, the court adopted without change the proposed findings and conclusions submitted by Brewer's attorney.[2] After Beaulieu's death, this appeal was brought by the personal representative of her estate.

■ Petitioner correctly contends that Beaulieu owned the account at Cormier's death because it was a joint account, payable to either or the survivor, and there was no clear and convincing evidence of a different intention at the time of the creation of the account. The relevant statute provides as follows:

Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created.

18–A M.R.S.A. § 6–104(a)(1981). Moreover, the law expressly states that "A right of survivorship arising from the express terms of the account ... cannot be changed by will." 18–A M.R.S.A. § 6–104(e) (1981). In the present case, the record contains no evidence of any contrary intention existing at the critical point, namely, when the account was created. The court erred in relying on the will as clear and convincing evidence of a contrary intention. At Cormier's death, the joint account belonged to Beaulieu as a matter of law.

---

1. Northern National Bank later became Casco Northern Bank.

2. We have previously questioned the practice of adopting verbatim the findings or judgments proposed by counsel. In such cases, we scrutinize the findings with great care to insure that the court adequately performed its judicial function. *Clifford v. Klein,* 463 A.2d 709, 712 (Me. 1983); *In re Sabrina,* 460 A.2d 1009, 1013 (Me. 1983).

Assuming that Beaulieu owned the account, the court held that Beaulieu voluntarily withdrew the funds and directed the bank to pay them over to Brewer, thus making a valid gift of the balance. Petitioner contends that such findings are clearly erroneous and unsupported by the record. We agree.

"[A]n effective inter vivos gift requires three elements: (1) donative intent; (2) delivery with intent to surrender all present and future dominion over the property; and (3) acceptance by the donee." *Brackett v. Larrivee*, 562 A.2d 138, 139 (Me.1989). The donee has the burden of showing that a gift was intended by clear and convincing evidence. *Gledhill v. McCoombs*, 110 Me. 341, 344, 86 A. 247, 248 (1913). In the present case, the court concludes that "[a] gift intervivos is made when the giver makes delivery to the donee at which time he parts with all present and future dominion over the property given." The court fails to acknowledge the requirement for a donative intent on the part of Beaulieu. Moreover, even if the court found such an intent, the facts cited by the court do not establish such a factual conclusion to a high probability. *See Taylor v. Commissioner of Mental Health*, 481 A.2d 139, 154 (Me.1984).

The court found that Beaulieu "instructed" and "directed" the bank to issue a check to Brewer and stated that it was particularly persuaded by the testimony of the bank officer. Brewer testified that the bank officer told Beaulieu that the money belonged to Brewer because of the will and that Beaulieu was not pleased. Although the bank officer denied reading the will, he acknowledged that Brewer had told him that she was to get all the money under the will and that he suggested to Beaulieu that she use the money to pay the funeral bills. He stated that both Beaulieu and Brewer wanted to pay the bills and that Beaulieu "agreed" to his suggestion. Finally, he stated that Beaulieu called him the next day after the check was issued to tell him she wanted some of the money. Even if believed, such evidence falls short of establishing a gift by clear and convincing evidence.

The entry is:

Judgment vacated. Remanded to the Aroostook County Probate Court for the entry of an order declaring that the joint account is the property of the Estate of Agathe Beaulieu.

All concurring.