1998 ME 215

**Mary Ann SCHLEAR et al.**

v.

**JAMES NEWSPAPERS, INC.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1998.

Decided Sept. 16, 1998.

Alan J. Levenson (orally), Levenson, Vickerson & Beneman, Portland, for plaintiffs.

Glen L. Porter (orally), Eaton, Peabody, Bradford & Veague, Bangor, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

ALEXANDER, Justice.

[¶ 1] This matter is before the court on appeal by Mary Ann Schlear and Ruth Small from a judgment entered in the Superior

Court (Oxford County, *Brodrick, J.*) denying their claim for unpaid wages, penalties and attorney fees. We affirm.

[¶ 2] On appeal, plaintiffs contend that the Superior Court should have determined that Small was an employee of the defendant, as defined by 26 M.R.S.A. § 663(3) (1988) and that Small and Schlear are owed unpaid minimum wages required to be paid by 26 M.R.S.A. § 664 (1988).

[¶ 3] Plaintiffs had the burden of proof on these issues. This Court will not vacate a determination that a party failed to carry that party's burden of proof unless the evidence compels a contrary finding, *Thompson v. Pendleton,* 1997 ME 127, ¶ 11, 697 A.2d 56, 59.

[¶ 4] The record fully supports the trial court's determinations that:

1. Schlear was an employee of James Newspapers for purposes of making certain deliveries and collections,

2. Small was not, at any time, an employee of James Newspapers,

3. at Schlear's request, payment for her wages was made to Small so that Schlear could continue to collect AFDC benefits, and

4. the payments to Schlear were sufficient to comply with the minimum wage law.[1]

[¶ 5] After the trial court rendered its initial decision on these issues, plaintiffs filed

a motion for reconsideration seeking recovery of certain minimum wages and attorney fees alleged to be due. At the conclusion of the hearing on the motion, the court denied the motion reasoning that: "Your two clients were participating knowingly and willfully in a fraud on the State of Maine, and I am not inclined to give them anything."

[¶ 6] Payment of minimum wages is mandatory, 26 M.R.S.A. §§ 664 and 670. There is no fraud or equitable discretion exception to the requirement for payment, if entitlement to payment is shown. Here, because the record supports the determination that Schlear was adequately compensated pursuant to the minimum wage laws, the trial court's reasoning for denying the motion, although not supported by statute, does not require a remand. A court order, even if entered for an erroneous reason, will be affirmed if there is a valid basis for the order. *Bakal v. Weare,* 583 A.2d 1028, 1030 (Me. 1990).

The entry is:

Judgment affirmed.

---

1. Plaintiffs conceded this point at oral argument.