2000 ME 134

**George R. WESTLEIGH**

v.

**Lenora R. CONGER.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 27, 2000.

Decided July 12, 2000.

---

David C. Dow, Dow's Law Office, P.A., Norway, for plaintiff.

Paul S. Bulger, Daniel R. Felkel, Troubh, Heisler & Piampiano, P.A., Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

ALEXANDER, J.

[¶ 1] Lenora Conger appeals from the judgment of the Oxford County Probate Court (*Hanley, J.*) concluding that the $34,000 entrusted to her by the decedent, William Westleigh, was a bailment and not a gift. On appeal Conger contends (1) that the money given to her constituted an *inter vivos* gift, and it was error for the court to determine otherwise; and (2) it was error for the court to deny her request for additional findings of fact and conclusions of law. We affirm.

## I. CASE HISTORY

[¶ 2] The facts of the case are stated in the detailed opinion of the Probate Court. Because there is no transcript of the proceedings in the Probate Court, we will assume that the facts found are adequately supported in the record. *See Putnam v. Albee*, 1999 ME 44, ¶ 10, 726 A.2d 217, 220.

[¶ 3] Lenora Conger is a niece of the decedent, the late William Westleigh. She had assisted in caring for him in his declining years. In 1996, Westleigh gave Conger $34,000 to keep in her safe deposit box. Westleigh told Conger that he was transferring the money to her because he did not want others to know that he had this sum of money. He also told Conger she could use the money to take care of her parents' medical needs and for other purposes. Conger believed that the money should be retained to cover Westleigh's medical needs and that it would always be available to him if needed. At the time of Westleigh's death in 1998, approximately $27,000 of these funds remained.

[¶ 4] By William Westleigh's will, Conger was designated personal representative of his estate. The will did not address the funds transferred to Conger. George Westleigh, William Westleigh's brother, began asking about the money shortly after William Westleigh died. In response to his inquiries, Conger contended that the $34,000 the decedent had given to her constituted a gift and was therefore not a part of the decedent's estate. Subsequently, George Westleigh petitioned the Probate Court to remove Conger as the personal representative of the estate and to impose a constructive trust on the remaining funds in the safe deposit box because they were a part of the decedent's estate.

[¶ 5] The court concluded that the transfer of funds from decedent to Conger was not an *inter vivos* gift, but rather that it constituted a bailment. The effect of this ruling, although not stated in the Probate Court's opinion, is that the funds become part of the estate for distribution to the heirs.

[¶ 6] Conger filed a motion requesting additional findings of fact and conclusions of law. Specifically, Conger asked for a finding that she had qualified her response to a question about returning the money. The court denied the request, and this appeal followed.

## II. DISCUSSION

[¶ 7] An effective *inter vivos* gift requires three elements: (1) donative intent; (2) delivery with intent to surrender all present and future dominion over the property; and (3) acceptance by the donee. *See Brackett v. Larrivee*, 562 A.2d 138, 139 (Me.1989). The person claiming an *inter vivos* gift has the burden of showing that a gift was intended by clear and convincing evidence. *See In re Estate of Cormier*, 580 A.2d 157, 159 (Me.1990). Where an order of the Probate Court is challenged on appeal, "We will defer to the trial court on its findings of fact unless clearly erro-

neous and will conduct a de novo review of the court's application of the legal doctrine to the facts." *Estate of Plummer,* 666 A.2d 116, 118 (Me.1995).

[¶ 8] The Probate Court concluded that Conger satisfied only two of the three requirements necessary for there to be an effective *inter vivos* gift; donative intent and acceptance by the donee. On appeal, neither party disputes the court's findings regarding these two elements.

 [¶ 9] With respect to the remaining element, i.e., whether decedent delivered the money with the intent to surrender all present and future dominion over the property, *see Brackett,* 562 A.2d at 139, the court concluded that Conger had not proven that the decedent possessed such intent.

[¶ 10] After the court issued its order, Conger moved for the court to make an additional finding of fact to include her "full" response to a question from the bench asking whether she would have returned the money to decedent if he had asked for it. The court had found that Conger testified that she would have returned the money if asked. Conger complained that the court included in its findings only her "first impression response." Conger asserted that she went on to state that she would have questioned decedent regarding his intended use for the money before responding to a request or demand for the money.

[¶ 11] The court acted within its discretion in denying Conger's request for additional findings. The court, as the factfinder, was free to determine the credibility of the testimony offered, M.R. Civ. P. 52(a), and it was not required to accept Conger's version of the facts on an issue specifically addressed in its findings.

[¶ 12] A different factfinder may have reached a different result based on the evidence presented at the unreported hearing. However, Conger, as the party with the burden of proof, can prevail on a sufficiency of the evidence challenge to a finding that her burden has not been met only if she demonstrates that a contrary finding is compelled by the evidence. *See Hughes Bros., Inc. v. A & M Contractors, Inc.,* 1999 ME 175, ¶ 2, 740 A.2d 996, 997; *Schlear v. James Newspapers, Inc.,* 1998 ME 215, ¶ 3, 717 A.2d 917, 918. The record does not compel such a conclusion in this case. Further, the Probate Court's opinion does not indicate any error of law in applying its analysis to the facts it found.

The entry is:

Judgment affirmed.