## ADAMS *et al. v.* KEHLOR MILLING Co. *et al.*

*(Circuit Court, E. D. Missouri, E. D.* April 12, 1889.)

1. ATTORNEY AND CLIENT—COMPENSATION OUT OF FUND.
   In a suit to set aside a fraudulent conveyance, in which other creditors intervene and secure benefits from the litigation, the court, having the fund in its control for distribution, will award a sum therefrom in payment of complainants' solicitors.

2. SAME—COSTS TAXED AGAINST DEFENDANT.
   No fee can be taxed against defendants in such case, except the fee of $20 allowed by Rev. St. U. S. § 824.

3. SAME.
   Compensation for the services of the solicitors in obtaining the judgment in the state court on which the suit to cancel the fraudulent conveyance is founded, cannot be allowed in the latter suit.

In Equity.

Bill by Henry Adams and others against the Kehlor Milling Company and others, to set aside a fraudulent assignment. Decree for complainant, and for other creditors who intervened. See 35 Fed. Rep. 433. The complainants' solicitors moved for an allowance for their services, to be taxed as costs in the case.

*Mills & Flitcraft,* for complainants.

*G. M. Stewart,* for defendants.

THAYER, J. In accordance with the decree heretofore entered, (35 Fed. Rep. 433,) the master has filed his report. An application is now made by complainants' solicitors for an allowance of attorneys' fees, to be taxed as costs against the defendants. The claim, as made, appears to be a claim for compensation for services rendered as solicitors for complainants in this case, and also for services rendered to complainants in the state court, in obtaining a judgment against the Kehlor Milling Company, on which' the proceeding in the federal court was based. It is clear that this court has no authority to tax against the defendants any fees due from the complainants to their solicitors for services rendered in the suit in the state court, although the judgment obtained in that suit forms the basis of the proceeding in the federal court. It is equally clear that the costs as between solicitor and client in the suit pending in this court cannot be taxed against the defendants for a greater sum than the statute allows. It is well settled that when, under a bill filed by one beneficiary in a trust, in behalf of himself and all other beneficiaries, a fund is recovered and brought into court for distribution, the court may tax a reasonable solicitor's fee as costs, and order it to be paid out of the fund so recovered. *Trustees* v. *Greenough,* 105 U. S. 527; *Banking Co.* v. *Pettus,* 113 U. S. 116, 5 Sup. Ct. Rep. 387. This rule rests upon the ground that where one litigant has borne the burden and expense of a litigation that has inured to the benefit of others as well as himself, those who have shared in the benefits should contribute to the expense. In that class of cases it is customary to tax against the fund realized a fee in favor of complainant's solicitor, before any distribution is ordered. But even this rule would not authorize the court to tax the costs as between solicitor and client against the defendants. Defendants are liable for a fee of $20, taxed under section 824, Rev. St. U. S. If any further fee is taxed, it must be taxed against a fund actually or constructively in the custody of the court for the purpose of distribution. The master has reported that under the decree heretofore made the amount due to the complainants from the defendants is $1,281.94. He also reports that J. M. Whitcomb, Jack & Co., and Henderson, Freen & Co., who, as unsecured creditors of the Kehlor Milling Company, have intervened in the cause since the decree was rendered, are entitled to further amounts aggregating $2,617.15. The parties who have so intervened have unquestionably been benefited by the litigation inaugurated by complainants in behalf of all unsecured creditors, and, under the rule announced in the case of *Trustees* v. *Greenough, supra,* they should contribute ratably to the payment of a reasonable fee to complainants' solicitors. A final order

will be made on the report of the master directing the defendants to pay into court the sum of $3,899.09 for distribution between complainants and intervenors, in the proportion recommended by the master. A sum equivalent to 10 per cent. of that amount will be taxed against and paid out of the fund to complainants' solicitors. The defendants will also be required to pay into court the costs of the suit.