WILLIAM NEELY, TRUSTEE, *vs.* FRANCES J. PHELPS AND OTHERS.

New Haven & Fairfield Cos., June T., 1893.  ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, Js.

A testatrix having given the residue of her estate to her four grandchildren, afterwards made the following codicil: "I revoke that portion of the will which gives *F* an equal portion with the other granddaughters in my estate, and give to my granddaughter *M*, in trust for the benefit of *F*, all that was bequeathed by my will to *F*, but providing that in case *F* should die before *M* the sum in trust shall be given to the latter." *M* had since died. Held that *F* took the property in fee and freed from the trust.

[Argued June 13th—decided July 6th, 1893.]

SUIT for the construction of the will of Lavina Webb; brought to the Superior Court in New Haven County, and reserved, on facts found, for the advice of this court.

---

---

*A. D. Penney*, for the plaintiff.

*S. A. York, Jr.*, for the defendant Frances J. Phelps.

CARPENTER, J. This is a suit for a judicial construction of a will.

Lavinia Webb died in 1879. In 1873 she made a will, in which she gave the rest and residue of her estate to her four step-grandchildren. In 1874 she made a codicil, which is not now material. In 1877 she made another codicil, as follows :—

"I revoke that provision in said will which gives Frances J. Thayer an equal portion with the other granddaughters in my estate, and give and bequeath to my granddaughter Mary C. Frink, in trust for the benefit of the said Frances J. Thayer, all that was bequeathed by my will to the said Frances, (excepting the clothing and the household articles, which have already been distributed,) but providing that in case the said Frances should die before the said Mary C. Frink, the sum in trust shall be given and bequeathed to the latter, her heirs and assigns forever."

Said Frances J. Thayer, now Frances J. Phelps, was one of the four residuary legatees named in the will. At the time the second codicil was made she was traveling in Europe, intending to be absent for a considerable time, and the testatrix then believed that she might not return to this country.

Mary C. Frink is dead, and the plaintiff has been appointed her successor in the trust. Her two children, and Frances J. Phelps and her sister, are supposed to be the only heirs at law of the testatrix. The children of Mary C. Frink make no appearance. The sister of Mrs. Phelps appears by counsel, and she consents to the disposition of the trust fund in the manner claimed by Mrs. Phelps. Mrs. Phelps claims that the trustee should pay and deliver the estate to her, free from the trust, and has made demand to that effect. That question depends upon the construction of the will; and that construction, as in other cases, depends upon the intention of the testatrix.

In the will the estate in question was given to Mrs. Phelps in fee. We start then with that as her primary intention. How far does the second codicil indicate a change in her purpose? She certainly has not in terms carved out of the estate a life estate. There is no gift of a life estate to one, with a remainder over to another. There is no separation of income or interest from principal. The whole estate, principal and use, is given to Mrs. Frink for the benefit of Mrs. Phelps. It is then a simple trust, no terms or conditions are imposed. There is no direction as to the time the trust is to continue, nor as to the disposition of the estate or the income. There is no gift of the remainder as such, but contingently, if Mrs. Frink survives Mrs. Phelps, she is to have the entire property.

Evidently the testatrix intended to prevent intestacy, and that the estate should go either to Mrs. Phelps or Mrs. Frink, Mrs. Phelps to have the preference. She was apprehensive that Mrs. Phelps might not live to receive and enjoy the property; that she might not return from Europe. In that event only did she give it to Mrs. Frink. The inference is a natural one, and a pretty strong one, that she intended, if she did live to receive it, and actually survived Mrs. Frink, that the property should be hers. That contingency has actually happened. It is quite clear that no beneficial interest ever vested in Mrs. Frink, and that she did not intend that any part of her estate should be intestate. As the conditions on which Mrs. Phelps is to take actually exist, and as no reasons are shown why the trust should continue, it would seem to be reasonably certain that the testatrix intended in the present circumstances that she should take the property free from the trust.

There is no legal difficulty in carrying into effect that intention. 1 Lewin on Trusts, 18; 1 Perry on Trusts, § 18; 2 Perry on Trusts, §§ 520, 521.

The Superior Court is advised to decree the delivery of the property to Mrs. Phelps.

In this opinion the other judges concurred.