THE UNION & NEW HAVEN TRUST COMPANY, TRUSTEE,
*vs.* NATHAN KOLETSKY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 6th—decided August 8th, 1933.

*J. Dwight Dana,* for the plaintiff.

*Joseph Koletsky,* for the defendants Nathan Koletsky *et als.*

*George D. Watrous* and *Harrison Hewitt,* for the defendant Pauline Marie Koletsky *et als.*

MALTBIE, C. J. Meyer W. Koletsky took out three policies of life insurance, two in 1924 and one in 1928 in the Union Central Life Insurance Company, which were in force at his death and in which his wife was originally named beneficiary. All the policies contained a provision giving the insured the option to have the company retain the amount due after his death and pay the interest to the beneficiary, with a right to require that the principal be not withdrawn. A daughter was born to Koletsky on September 17th, 1924. Thereafter on three occasions previous to March 23d, 1929, Koletsky filed with the company, as to each policy, a "Certificate of Change of Beneficiary and Election of Settlement Option," in which he provided, in differing ways, that the money should be retained by the company as long as his wife or daughter lived, the interest to be paid to them and at the death of the survivor the principal to be paid to certain designated persons. The third group of certificates, filed on April 21st, 1928, each provided

that the company should retain the net sum due on the policy to which it applied and pay the interest thereon in equal monthly instalments to his daughter as long as she lived, and that, if she became entitled to receive payments while a minor, they should be made to a certain bank "as trustee for my said daughter as long as she remains a minor," without further provisions defining the duties of the bank as trustee. On February 21st, 1929, Koletsky's wife brought an action of divorce against him, in which a decree was later entered in her favor and custody of the daughter awarded to her, with certain provisions for payments to be made by Koletsky for the daughter's support or benefit.

On or about March 1st, 1929, Koletsky consulted an agent of the insurance company with reference to changing the provisions he had made for the disposition of the sums which would become due under the policies at his death and on March 1st, 1929, the agent wrote the company asking it to prepare new certificates accordingly. In this letter it was stated that Koletsky desired the interest payments to be made payable to a certain bank, "as trustee for the insured's daughter, Pauline Marie Koletsky, as long as she lives," but nothing was stated as to the terms on which the bank was to hold or pay out the interest received by it. The certificates requested were prepared, submitted to Koletsky and returned to the company for certain minor changes, including the substitution of the plaintiff as trustee in place of the bank. On March 23d, 1929, Koletsky executed the new certificates and they were filed with the company. They directed that the "net sum" payable under each policy should be retained by the company and the interest thereon be paid in equal monthly instalments to the daughter as long as she lived and they also contained provisions

for the disposition of the fund at her death as follows: If she died before the testator, or on her death if she died after him, "said net sum" was to be paid to her children, if any, and if not, it was to be equally divided among his two brothers and two sisters, or the survivor or survivors of them, or if none were living it was to be paid to the executors, administrators or assigns of the survivor as between himself and his daughter. Then follow these directions: "The above provisions are subject, however, to the condition that in the event my said daughter becomes entitled to receive payments as above provided, said payments shall be made to the Union & New Haven Trust Company, New Haven, Conn., as Trustee for my daughter, instead of directly to my said daughter. Payments to said Trustee shall be a full acquittance to the Company and the Company shall not be obligated to see to the application of the money so paid."

Koletsky executed a will dated March 15th, 1929, and in this he gave to his wife the use for life of one third of his estate "so long as she is my wife;" and he gave all of the residue of his estate to the plaintiff in trust with directions as follows: To hold, invest and reinvest the property; to pay to his daughter during her life "an amount, which in its discretion is sufficient for her support and maintenance;" to accumulate the income and withhold or expend it for his daughter "for any purpose which in its discretion seems necessary;" if his daughter died leaving issue, the trust was to continue and the trustee was to pay to such issue "an amount which in its discretion, is sufficient and necessary for the maintenance and support of said issue;" if his daughter predeceased him, leaving no issue, or died thereafter without issue, or upon the death of her issue, the trust was to terminate and the

fund was to be divided equally among his two brothers and two sisters.

The preparation of this will, the change of beneficiaries under the policies, and the preparation and execution of the certificates were all done as part of a plan of Koletsky to rearrange his affairs in view of the divorce action which his wife had brought against him. He died September 29th, 1930, and his former wife has been appointed guardian of the estate of the daughter. Since his death the plaintiff has received each month approximately $385 from the insurance company. It brings this action seeking directions as to its rights and duties under its appointment as trustee in the certificates filed by Koletsky with the insurance company.

The provision in the last certificates for the payment of interest to the plaintiff as trustee for the daughter, without in any way defining the nature of the trust, standing by itself, clearly presents a situation of an attempt to create a trust, void for uncertainty as to its nature and the rights and duties of the plaintiff as trustee. *Fairfield* v. *Lawson,* 50 Conn. 501, 516; *Neely* v. *Phelps,* 63 Conn. 251, 253, 29 Atl. 128; *Bryan* v. *Bigelow,* 77 Conn. 604, 615, 60 Atl. 266; *DeLadson* v. *Crawford,* 93 Conn. 402, 411, 106 Atl. 326; *Loomis Institute* v. *Healy,* 98 Conn. 102, 125, 119 Atl. 31. It is not possible to read into the certificates an intent to have the proceeds of the policies form a part of the trust estate created by Koletsky's will. In the first place, while the certificates as finally signed are dated March 23d, 1929, which was after the execution of the will on March 15th, 1929, the correspondence in the record shows that, on March 1st, the agent of the insurance company had written it requesting on behalf of Koletsky a provision such as that put into the certificates, and that on or before March 14th certifi-

cates containing this provision had been submitted to Koletsky and had been approved by him with certain changes not materially affecting the question before us; nor is it without significance that the certificates signed by him nearly a year before contained a similar designation of a trustee without defining its rights or duties. In the second place, a comparison of the terms of the will and certificates shows material differences as regards the termination of the trust and the disposition of the fund thereafter. In the former, if the daughter died leaving issue surviving, the trust was to continue so long as such issue lived, while in the latter, the trust was to terminate at the death of the daughter; in the former, on the termination of the trust at the death of any issue of the daughter, the property was given to Koletsky's brothers and sisters, to the exclusion of representatives of the issue, while in the latter, on the termination of the trust, the daughter's children, if any, were given the principal of the fund and Koletsky's brothers and sisters would take only if there were no children to do so. The case is not, therefore, like *Leffingwell's Appeal*, 62 Conn. 347, 25 Atl. 453, where, as a study of the record shows, one paragraph of the will in question gave certain property in trust with adequate provisions as to the beneficiaries and the terms of the trust, and another paragraph gave to the trustees a portion of the residue for the same beneficiaries without defining the terms of the trust, and we held that the property passing under the latter paragraph was upon the same trust as that given by the former.

We are asked, out of the circumstances we have stated, to find an intent on the part of Koletsky that the plaintiff was to hold the income received from the insurance company during the life of the daughter upon substantially the same terms as those contained

in the will with reference to the trust there created, that is, to pay to the daughter such an amount as in its discretion it deemed sufficient for her support and maintenance. If, in any event, there could be thus added to the expressed intent of Koletsky, provisions defining the duties of the trustee, not based in any way upon the terms of the certificates, this could only be done upon the basis of a finding that Koletsky so intended; such a finding would not be a conclusion drawn from the terms of the instruments before us read in the light of the relevant circumstances, but an inference to be drawn directly from those circumstances and hence one of fact, unless, indeed, from those circumstances the conclusion that there was such an intent is the only one that could reasonably be drawn. *McDermott* v. *McDermott,* 97 Conn. 31, 34, 115 Atl. 638; *Grippo* v. *Davis,* 92 Conn. 693, 696, 104 Atl. 165. In this instance the facts do not point so irresistibly to the intent claimed that this court can determine it as a matter of law. For instance, the relationship between Koletsky and his wife brought about by the divorce, which is very heavily relied upon as indicating a purpose on his part to prevent her having control of the interest as guardian of her daughter, presupposes that Koletsky contemplated that, as a likely result to follow from the then pending divorce proceedings and his death, she would become guardian of the estate of the daughter; and the contention loses force in view of the fact that a similar provision for the appointment of a trustee is contained in the certificates signed by Koletsky some ten months before the divorce action was brought. Indeed, it does not appear that the insertion of the provision for the appointment of a trustee was even made at his request, but it may have been at the instance of the insurance company, to make simpler the matter of securing ade-

quate receipts for the payments of interest from time to time, an inference suggested by the provision that payment to the trustee should be a full acquittance of the insurance company's obligations as to the payments. In the absence of a finding or a stipulation as to the intent of Koletsky with reference to the appointment of the plaintiff as trustee, we would not be in a position to define its duties as we are requested to do.

But that aside, such a definition of the terms of the trust would not accord with the intent which Koletsky has expressed in the certificates. They provide that the insurance company is to retain the "net sum" payable under the policies and to pay the interest thereon in equal monthly instalments to the daughter as long as she lives and then direct that the payments to the daughter shall be made to the trustee "instead of directly to" her; and the certificates then provide for the disposition of "said net sum" at her death, or if she dies before Koletsky then at his death. These provisions clearly indicate an intent that the entire interest is to be paid to the daughter at monthly intervals with the trustee interposed merely to receive it and pay it over to her. Moreover, it is significant that Koletsky nowhere makes any provision for the disposition of any accumulation of interest not paid to her, such as is contained in the will, although obviously if the trustee were entitled to withhold interest from her such an accumulation would be likely to result. The conclusion to which we come is that Koletsky intended either that the trustee should exercise functions which he has not declared or that it was merely to receive the interest from time to time and pay it over to the daughter. If the first is the true situation, the attempted trust, as we have indicated, cannot be enforced because of uncertainty as to its nature and

the rights and duties of the trustee; and if the second presents the true situation, the trust is a dry or simple one, which cannot be used to withhold from the daughter the interest payments due her. *Cone* v. *Dunham,* 59 Conn. 145, 157, 20 Atl. 311; *Neely* v. *Phelps,* 63 Conn. 251, 253, 29 Atl. 128; *DeLadson* v. *Crawford,* 93 Conn. 402, 411, 106 Atl. 326. There being no effective trust created by the terms of the certificates, future payments should be made by the insurer to the guardian of the estate of the daughter during her minority and the plaintiff should turn over to the guardian such sums as it has already received from the insurance company.

The daughter and the guardian of her estate in their answer ask an allowance of expenses and counsel fees to be paid out of the fund in the hands of the insurance company. The issue in this case involves nothing more than the disposition of the interest and no reason appears why the principal of the fund should be charged with these expenses. *Mallory* v. *Mallory,* 72 Conn. 494, 503, 45 Atl. 164; *Carter* v. *Brownell,* 95 Conn. 216, 225, 111 Atl. 182. In their brief counsel for these parties suggest that the insurance company, which was made a defendant and, though outside this jurisdiction voluntarily appeared, be allowed counsel fees and expenses out of the fund in its hands. The company makes no such claim in its answer and has not made it to us and, if it had, no sufficient reason appears for such an allowance; the record shows that it prepared the certificates in question and, though not legally bound to do so, in fairness to Koletsky, its insured, it should not have prepared and accepted certificates so faulty as these were.

To all the questions, a single answer, sufficient to the situation as it now exists, may be made: The payments of interest for the benefit of the daughter

should be made to the guardian of her estate and the plaintiff should pay to such guardian the interest it has received on behalf of the daughter.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.