Grafton,
Nov. 4, 1936.

CARRIE LOUISE BELLOWS

*v.*

JOHN M. PAGE, *Trustee.*

*John J. Moke* (by brief and orally), for the plaintiff.

*Irving A. Hinkley* (by brief and orally), for the defendant.

WOODBURY, J.   The will of the petitioner's aunt, Mary Adams Patterson Bellows, provides merely that the petitioner's share should be held "in trust" for her by her mother.   It imposed no duties upon the trustee, it clothed her with no discretionary powers, no action on her part was required in order to effectuate any discernible purpose which the testatrix may have had in mind when she created the trust.   The will, therefore, creates a *use*, or, in more modern phraseology, a "dry," "passive" or "naked" trust, and as such it is executed by force of the statute of uses, (27 Hen. VIII, *c.* 10), a statute which has been regarded as in effect in this jurisdiction from the earliest times.   *New Parish in Exeter* v. *Odiorne*, 1 N. H. 232, 237.   See also Hening, N. H. Dig. *pp.* 1473 and 1590.

But the above statute applies only to trusts created upon freehold interests in land.   It does not apply to interests in chattels, *choses in action* or other personal property.    (1 Am. Law Inst., Restatement of Trusts, *s.* 70, Comment *c; Tappan's Appeal,* 55 N. H. 317, 322), and the case, as transferred, is defective in that it does not indicate whether the trustee under the aunt's will is holding real property, personal property, or both.

This defect does not render it impossible for us to dispose of this phase of the case before us at this time, however, because "modern courts execute passive trusts of personalty, either by analogy to the Statute of Uses, or on the theory that any trust without a purpose is automatically executed." 1 Bogert, Trusts and Trustees, s. 207, and cases cited. This section then continues to the effect that: "There are a small number of decisions which apply the Statute of Uses strictly with regard to the trust of chattels, refuse to execute it, and compel the *cestui* to bring a bill to get a conveyance." The cases cited in the foot-note appended to this sentence indicate merely that some courts, instead of giving the trust property directly to the beneficiary, require that he bring a bill for its conveyance. They do not indicate that a passive trust of personalty is not executed. In other words, the difference in the decisions noted by Bogert is only a difference in technique, it is not a difference in result. In all cases, apparently, the *cestui* is entitled to hold the trust property free from the intervention of a trustee.

The fact that the rule of law which executes passive trusts is of statutory origin and applies, in terms, only to trusts created upon freehold interests in land, does not prevent us from extending the application of that rule to trusts of personal property. The statute of uses was passed long before the American Revolution. Its authoritative force here is derived from the fact that it was an amendment of the common law suitable to the condition and needs of the inhabitants of this state and in harmony with their institutions. It thus, like other similarly enacted statutes, became part of the body, not of our statutory, but of our common law (*French* v. *French*, 3 N. H. 234, 264; *State* v. *Rollins*, 8 N. H. 550, 560), and as such it is susceptible to judicial change under the maxim *cessante ratione cessat lex. Heath* v. *Heath*, 85 N. H. 419, 422.

In sixteenth century England, at the time when the statute of uses was enacted, there may have been good reason for drawing a distinction between passive trusts involving real property and similar trusts involving personalty only, but today, in this country, and under present conditions, we see no valid reason why this distinction should be perpetuated. We approve of the majority rule as enunciated in the cases appearing in the note to the section from Bogert on Trusts and Trustees quoted first above, and it follows that the trust created by the will of the petitioner's aunt is executed and that she is entitled, without further proceedings, to the full legal title to all the property, real or personal, held by the defendant as trustee under that will.

The trust created for the petitioner's benefit by the will of her father George S. Bellows, does not fall within the foregoing principles. Under that will the trustee is given the "power to use such portions of my daughters income and principal as may be necessary for my said daughters suitable maintenance." This language imposes upon the trustee the duty to exercise his discretion in order to determine what sum is necessary for the beneficiary's "suitable maintenance." Although the words used are insufficient to create a spendthrift trust, they do impose active duties upon the trustee. It is therefore, not a passive but an active trust, and such trusts are not executed by the statute of uses. *Hutchins* v. *Heywood*, 50 N. H. 491.

However, the will gives to the beneficiary the full equitable title to the trust fund, both for life and in remainder. She is the only person with any interest in it. All interests are joined in her and she is the sole owner thereof. *White* v. *Weed*, 87 N. H. 153. "Under these circumstances the right of the plaintiffs to have the trust terminated seems to be clear. 'The beneficiaries of a trust, if all consent and none is under an incapacity, can compel its termination if the continuance of the trust is not necessary to carry out a material purpose of the trust, although the period fixed by the terms of the trust for its duration has not expired', 2 Am. Law Inst. Restatement, Trusts, s. 337, Comment *a*". *Eastman* v. *Bank*, 87 N. H. 189, 192.

The case before us was transferred upon the pleadings and they furnish no adequate basis for the application of this rule. The question of construction is essentially one of fact to be determined by reference to the will itself and to the competent extrinsic evidence of the surrounding circumstances. *Pettee* v. *Omega Chapter*, 86 N. H. 419, 425, 426. Justice will not be promoted by an attempt to construe the father's will on the issue of the termination of the trust thereby created until the facts constituting such evidence are passed upon by the trial court and transferred.

*Case discharged.*

PAGE, J., took no part in the decision of this case: the others concurred.