## UNION & NEW HAVEN TRUST CO.
*vs.*
## LEWIS M. OSTERWEIS ET AL.

Superior Court  New Haven County  File No. 56409

MEMORANDUM FILED SEPTEMBER 28, 1940.

*Wiggin & Dana*, of New Haven, for the Plaintiff.

*Cummings & Lockwood,* of Stamford; *Watrous, Hewitt, Gumbart & Corbin, Herbert L. Emanuelson,* and *Goldstein & Bracken,* all of New Haven, for the Defendants.

QUINLAN, J. Because of the number of claimants and the multiplicity of legal questions caused thereby, it became desirable to procure a transcript of the proceedings before the court held the last Friday in June. Due to vacations this transcript was not procurable from the stenographer's office until the latter part of August, and hence the postponement in decision.

None of the parties filed a remonstrance and out of the conflicting claims I have endeavored to resolve the conclusions based on the committee's report. Under section 176 of the Practice Book (1934) the court, in the absence of a remonstrance, may either accept the report, or take such other action as may be determined proper.

In view of the arguments of counsel such questions as remained open will be disposed of as questions of law, so as to admit of an acceptance of the committee's report.

I.

The assignment to Ruth E. Osterweis, adjudicated by stipulation to be a valid assignment, is not binding by the principle of *res judicata* on the other defendants in this case who were not parties to the other action in the Superior Court. *New Haven Sand Blast Co. vs. Dreisbach,* 102 Conn. 169, 179. For the reasons stated under II this would mean that she has an equitable interest which would take a place with the Russo assignments.

II.

The next proposition for an orderly disposition is the status of the Russo-Holdeen assignments of $6,000, made in August and September, 1929, upon which notice was given to the trustee in July, 1932. An assignment of a chose in action is not valid as against *bona fide* purchasers and creditors unless notice is given to the debtor within a reasonable time; but even without such notice, the assignee acquires an equitable interest which will be protected against all persons except those having superior equities. *Travelers Insurance Co. vs. Mayo,* 103 Conn. 341.

This is the law governing assignments in Connecticut. What law then governs the assignments in this case? It can hardly be claimed that viewed as contracts they were completely executed outside the State in the light of *Craig & Co., Ltd. vs. Uncas Paperboard Co.*, 104 Conn. 559, and as was held in that case, in the absence of evidence to the contrary, it is presumed that the parties to a contract intended that its validity and construction should be governed by the law of the State where it is to be performed or is to have its beneficial effect rather than by the laws of the State in which it is made. Moreover, the trust was created and being administered in this State. *Gillette vs. Stewart*, 108 Conn. 611, 617. Consequently, I find and hold that the assignments are governed by the law of Connecticut.

Under Conclusion A of the committee's report these so-called Russo assignments are declared to be invalid "unless it is held by the Court as a matter of law that Lewis M. Osterweis, prior to reaching the age of thirty-five had a right to the income of the trust fund which he could alienate or assign." This trust ceased to be a spendthrift trust when Osterweis became thirty-five. Before that time he had no interest in the trust fund, so far as accumulations were concerned, but that is not to say that the assignments would not operate *in futuro*, as to income accruing after he became thirty-five and that is the construction which I conclude should be given to the so-called Russo assignments. The situation is to be distinguished from *Bridgeport-City Trust Co. vs. Beach*, 119 Conn. 131, where Stanley Beach had no interest in the trust fund during his lifetime.

The result of this construction, however, is not to give them priority, because as to them notice was not given in a reasonable time, but simply gives the assignee an equitable interest against all persons except those having superior equities. *Travelers Ins. Co. vs. Mayo*, 103 Conn. 341.

### III.

It was agreed by counsel that the contention raised by Mr. Goldstein, attorney for Celia Merwin, should be decided as a matter of law on the committee's findings without remonstrance or recommittal. It appears that Rosenberg assigned to Merwin the assignments set forth in paragraphs 20-24 of the report and by paragraph 26, another assignment of $1,000 was made to her. It was further agreed by stipulation

that the amount of this debt should be reduced to $2,325, plus life insurance premiums.

This brings us to the disputed interpretation of the fifth paragraph of the agreement of reduction by which Celia Merwin made an assignment to Ruth Osterweis in language which raises the question on this claim and is therefore quoted, as follows: "50% of the accrued income now in its hands as trustee, and one-third of all future income as and when the same is received until the entire balance of the principal *as reduced* (emphasis mine) herein, in addition to any insurance cost, as aforesaid, shall have been fully paid to Celia Merwin." The committee has credited Ruth Osterweis with the amount of payments made to her under this assignment, on the Merwin indebtedness.

This, it is claimed, is an incorrect interpretation of the foregoing quotation from paragraph 5 of the agreement. My conclusion concurs with this claim. The assignment to Ruth Osterweis was to continue, as provided, until the Merwin indebtedness as reduced to $2,325 was paid. Accordingly, under the agreement of counsel before me, paragraph 30 is modified as follows:

Amount due Celia Merwin under agreement of April 21, 1938 . . . . . . . . . . . . . . $2,325.00
Insurance premiums paid by her . . . . . . . .   208.71
                                                    ─────────
                                                  $2,533.71
Payments to Celia Merwin by trustee
  since April 21, 1938 . . . . . . . . . . . . . .   888.33
                                                    ─────────
Balance due Celia Merwin . . . . . . . . . . . . $1,645.38

(The balance of subdivision III is reported as amended November 6, 1940.)

In the matter of the application of Robert Emmett Connolley for an allowance in the above matter, I am bound to look at the final picture which confronts us, in the line of our decisions on similar applications. All of the counsel connected with the above matter did considerable work in varied degrees, but the case of *Bridgeport-City Trust Co. vs. First National Bank and Trust Co.*, 124 Conn. 472, at page 480,

particularly prohibits allowances even to a trustee from principal, and the income in this matter is charged against for years. Moreover, in the case of *Carter vs. Brownell*, 95 Conn. 216, only the trustee asked for an allowance and it was decreed that it should be chargeable to and paid from income of the trust. In the case of *Union & New Haven Trust Co. vs. Koletsky*, 117 Conn. 334, the above principle concerning payments out of principal was followed, but some of the counsel went further and asked for an allowance for the insurance company, and that request was denied.

Without in any way detracting from the diligence that was applied to the matter in hand, under all of the circumstances, I cannot bring myself to the conclusion that an allowance should be made in this case out of income generally. There is reasonable authority, however, for the allowance of counsel fees from the fund which has been protected or preserved for the benefit of others, on the theory that those who have shared in the benefits should contribute to the expense. *Hempstead vs. Meadville Theological School*, 286 Pa. 493; *Adams vs. Kehlor Milling Co.*, 38 Fed. 281. George H. Mitchell and his associate, Robert Emmett Connolley, preserved the Ruth Osterweis assignment. In accordance with the foregoing, an allowance of $500 for counsel fees, payable out of the accumulated income allocable to the Ruth Osterweis assignment is ordered, as a charge against the claims of Merwin, Holdeen, Michaud and Hutchinson in the ratio of the amount of their individual claims to the aggregate of said claims.

## IV.

Another question concerned the assignment to one Michaud of one-quarter of the Holdeen assignments. She has entered an appearance and filed an answer. The committee has found the fact of the assignment, but errs in the proportion of it. By reason of the appearance, the admissions in the answer, and the admission of Holdeen in open court, as well as the finding of the committee, I find Celine Michaud entitled to one-quarter of the Holdeen assignment, and the report of the committee is corrected to the extent of the amount of this interest from one-third to one-quarter, the equivalent in dollars and cents of $5,875 leaving $17,625 as the value of the Holdeen interest. *See* Practice Book (1934) §172 (last paragraph).

## V.

Finally, there is the question of fees and disbursements to add to an almost impossible situation. Nevertheless, the trustee would not be safe without advice and the difficulties have been created by Osterweis himself.

Something over 200 hours have been expended by the trustee's attorneys, including three days trial before the committee. A request has been made for $1,000. Under all the circumstances, however, $750 seems reasonable, especially in view of what remains to make payment. It should be paid out of income and not principal. *Bridgeport-City Trust Co. vs. First National Bank and Trust Co.*, 124 Conn. 472. And as there is $552.40 disbursements, that sum should be paid now, and the fee paid out of income as it accrues, in two equal payments, in the next two succeeding years.

A fee of $300 for the committee is approved.

### CONCLUSION.

Of course, the joint assignments in so far as they convey the interest of Lewis Osterweis, take their place according to priority of execution.

In conclusion, the committee's report is accepted subject to the foregoing modifications and priorities thereby resulting and judgment may be prepared to accord herewith.