Hillsborough,
Jan. 6, 1948. } No. 3703

A. WALLACE WILKINS *& a. Trustees*

*v.*

GRACE S. MILTIMORE *& a.*

18

*Sullivan & Gregg* (*Mr. Gregg* orally), for the petitioners.

The petitionees filed no brief.

KENISON, J. The testatrix owned one hundred and twenty shares of the Wilkins Paper Box Company, Inc. which is and for many years has been "a successfully operated business corporation" and may be fairly described as a family corporation. In drafting her own will the testatrix made no specific disposition of all the shares themselves except "in the event of the sale or liquidation of the . . . Company." Her interest in the corporation is not mentioned in the residuary clause and is confined to the second paragraph of the will. While the shares would pass under the residuary clause if she so intended (*Benton* v. *Benton,* 63 N. H. 289), there appear to be persuasive reasons from a reading of the entire will indicating a purpose to dispose of her entire corporate holdings under the second paragraph of the will.

The testatrix was interested not only in keeping these shares of stock of a family corporation in the family but restricting it solely to those members thereof designated in the second paragraph. She made it manifestly clear that no beneficial interest in the stock was to pass by the residuary clause in the event of sale or liquidation of the company. She also expressly prevented one-third of the trust *res* from passing under the residuary clause in the event that the children of Charles L. Wilkins should die without issue. The provision that in such an event the stock should "revert to the Treasury" of the company is further evidence that her corporate holdings should pass under the second paragraph of the will and not under the residuary clause. The failure to use words of limitation as to the remaining two-thirds of the trust *res* to Bertha Sawyer and the children of A. Milton Wilkins taken in connection with the fact that she "knew how to carve out a life estate . . . strongly indicate an intention on her part to give the entire interest in the property conveyed" in the second paragraph. *Ruel* v. *Hardy,* 90 N. H. 240, 243.

A bequest of income unlimited as to time and without any disposition of the corpus of the fund, is a bequest of such corpus. 3 Page,

Wills (3d *ed.*) *s.* 980; Restatement, Trusts, *s.* 128, *comment b.* See, *Eastman* v. *Bank*, 87 N. H. 189. Another authority expresses the principle in the following language: "Where there is a gift of income without limitation of time, express or implied, there is a gift of the entire beneficial interest." 1 Scott, Trusts, *s.* 128.2, note 7. This states only a rule of construction and not an arbitrary rule of law and is applicable to this case because consistent with the will as a whole. Other examples of its application are numerous. Hening's Digest, 1640 (d); *Dixon* v. *Dixon*, 123 Me. 470; *Ireland* v. *Hudson*, 96 Colo. 240, 243, 244; *Goodwin* v. *New England Trust Co.*, 321 Mass. 502. A similar result may be reached in the analogous case where there is a bequest of the use of property. "A gift of 'the use' of property is a direct gift of the property itself." *Ruel* v. *Hardy*, *supra*, 242.

Thus viewed, the bequest of income to Bertha M. Sawyer and the children of A. Milton Wilkins constitute a bequest of the stock itself. *Ireland* v. *Hudson, supra.* The interests bequeathed are vested (*Osgood* v. *Vivada*, 94 N. H. 222) and are not subject to the rule against perpetuities. *McAllister* v. *Elliot*, 83 N. H. 225, 229; 2 Simes, Future Interests, *s.* 498; Leach, Perpetuities in a Nutshell, 51 Harv. L. Rev. 638; Gray, The Rule Against Perpetuities (4th *ed.*) *s.* 205. The one-third interest of Bertha M. Sawyer, who predeceased the testatrix, goes to Bertha's heirs. *Rollins* v. *Merrill*, 70 N. H. 436; 118 A. L. R. 559; *Stearns* v. *Matthews*, 94 N. H. 435.

The two-thirds of the trust *res* considered above is a dry trust since the beneficiaries have an absolute equitable interest therein and the trustees have no discretionary duties to perform. *Bellows* v. *Page*, 88 N. H. 283, 284; 97 A. L. R. 729. The trustees should transfer to these beneficiaries the appropriate number of shares represented by their interests assuming that the issuance of such fractional shares of stock as may be necessary is not prohibited by the by-laws of the company or the corporation law of Massachusetts.

Although the bequest to the two children of Charles L. Wilkins is ambiguous, a reasonable construction of it is not difficult. Each child receives the income on one-sixth of the shares during their respective lives and it goes to their respective surviving issue, if any, upon their deaths. 3 Restatement, Property, *s.* 272. Upon death without issue his or her share go to the company. This much is made clear by the will itself. The words, "upon the death of Marion Wells Keen and . . . " was probably intended to create an intermediate life estate in Marion. If Charles dies without issue and

20

Marion is still living, she then also receives that income for her life and the company take the shares on her death.

, The last clause in the second paragraph relating to the liquidation or sale of the company creates no difficulty in construction. It does make clear, however, that if the liquidation or sale takes place during the lives of Charles and Marion, they are to receive the principal of the liquidating dividend and the trust terminates.

There being no error in the administration of the trust to date and all interests created by the will being valid, the trustees may in the future proceed in conformity to the opinion and the order is

*Case discharged.*

All concurred.