[Civ. Nos. 26412, 26604. Second Dist., Div. Three. June 11, 1963.]

Estate of HENRIETTA DOESCHER, Deceased. MINNIE JACOBY MURRAY, an Incompetent Person, by her Guardian, etc., Contestant and Appellant, v. BANK OF AMERICA, as Executor, etc., Petitioner and Respondent.

(Two Cases.)

Overholt & Overholt and David G. Overholt for Contestant and Appellant.

Percilla Lawyer Randolph, Samuel B. Stewart, Robert H. Fabian and Daniel H. Mack for Petitioner and Respondent.

FORD, J.—Two appeals, which have been consolidated pursuant to stipulation, are before this court. In one case (Civ. No. 26412) the principal question presented is whether proper provision was made in the decree of final distribution in the estate of Henrietta Doescher, deceased, with respect to the amount of money which the appellant Minnie Jacoby Murray was entitled to receive under the will.[1] The second appeal (Civ. No. 26604) is from an order denying the appellant's motion to vacate or amend the decree of distribution pursuant to the provisions of section 473 of the Code of

[1]In view of the contentions made by the appellant, we deem the appeal to be from the decree of distribution although the notice of appeal is broader in scope. (See *Dow* v. *Superior Court*, 140 Cal. App.2d 399, 402 [297 P.2d 30].)

Civil Procedure; that appeal must be dismissed because provision for such an appeal is not found in section 1240 of the Probate.Code. (*Estate of O'Dea,* 15 Cal.2d 637, 638 [104 P. 2d 368]; *Estate of Rouse,* 149 Cal.App.2d 674, 679 [309 P.2d 34]; *Estate of Glassgold,* 97 Cal.App.2d 859, 863 [218 P.2d 1016].)

. In her will Mrs. Doescher stated that she was a widow, that she had no living children or grandchildren, and that her three brothers and four sisters had predeceased her. To each of nine nephews, six nieces, and two grandnieces she bequeathed the sum of $1,000.

In the sixth paragraph of the will the appellant Minnie Jacoby Murray was mentioned, that paragraph being as follows: "It is my will, and I direct that Minnie Jacoby Murrey [*sic*], the daughter of my deceased sister, Alvena Jacoby, is to receive from my Estate the sum of Ten thousand ($10,- 000.00) Dollars, which is to be placed in Trust for her use and benefit, as hereinafter provided." The only other references to a trust are found in the twelfth and thirteenth paragraphs of the will. The twelfth paragraph is in part as follows: "I hereby nominate and appoint as Executor hereof, The Bank of America, . . . including the Trust as set forth herein, and any powers conferred on the Trustee by law, shall be construed and intended as being in addition hereto." In the thirteenth paragraph it is stated: "The taxes against the Trust Estate, as well as any other taxes, shall be paid by each beneficiary under this, my last Will and Testament and any codicil thereto."

The residue of the estate was left to the persons heretofore noted, with the exception of the three nephews and two nieces of the deceased husband of the testatrix, share and share alike.

The will was admitted to probate on May 22, 1959. On October 17, 1960, an order fixing the inheritance tax was made by the court. Therein the value of the interest of each legatee who was entitled to a share of the residue, other than the appellant Murray, was determined to be $6,465.33, and the tax thereon was fixed at $223.27. The value of the interest of the appellant Murray was stated to be $14,994.71 and the tax was determined to be $649.74. The value of each interest was computed by deducting from the share of each legatee a proportionate amount of the federal estate tax.

The first account current and petition for preliminary dis-

tribution was filed by the executor on October 3, 1960. It was therein stated that the cash on hand was $99,203.33 and that the estate was in such a condition that a preliminary distribution of $500 could be made to each of the nephews and nieces of the deceased husband of the testatrix, $1,000 to each of the other legatees except the appellant Murray, and $10,000 to the Bank of America, "as Trustee, in trust for Minnie Jacoby Murray." It was further stated: "That Petitioner asks that the Court instruct your Petitioner that said Testamentary Trust be distributed in accordance with said Will and with principal and income laws of the State of California as applied to testamentary trusts."

On December 5, 1960, an amended first account current and petition for preliminary distribution and "for determination of heirship" was filed by the executor. Therein the following statement was made as to the interest of the appellant: "Minnie Jacoby Murrey (Murray) the sum of $10,000.00 which is to be placed in trust for her use and benefit as hereinafter provided, but no further provision relative to the trust was ever made; Petitioner asks for the Court's determination relative to said trust."

On February 2, 1961, an order settling the amended first account current and relating to the petition was entered. Therein no express determination was made as to the validity or effect of the sixth paragraph of the will relating to the appellant Murray, but, as part of a provision for preliminary distribution to the legatees, it was provided that the appellant Murray should receive $1,000 "Free and clear of any Trust or other limitation or condition."

On August 1, 1961, the executor filed its second and final account, report and petition for distribution. The prayer was that it be decreed that there be distributed to each of the nephews and nieces of the deceased husband of the testatrix the balance due to him or her, being $395.40, and to each of the other legatees, including the appellant Murray, one-thirteenth of the residue of the estate, the amount due each as a share of the residue not being stated. On August 24, 1961, a decree of distribution dated August 21, 1961, was entered. That decree did not specify the monetary amount to be distributed to each of the residuary legatees.

On September 25, 1961, an order was obtained by the executor which was designated as a "nunc pro tunc entry or correction" of the order entered on August 24, 1961, But in the

portion of the document which immediately preceded the formal order, it was stated as follows: ". . . the Order for Distribution failed to set forth the particulars of distribution without which it was impossible to make distribution; therefore it is requested that said Order made and entered on August 21 [*sic*], 1961 be abrogated, vacated and set aside, and be of no force and effect, and that an Order be entered following the Petition of Distribution as has already been approved." The order was that distribution be made in accordance with the petition for distribution. The amount of cash on hand was then stated and distribution was ordered in substantially the same manner as had been done in the decree entered on August 24, 1961. On November 22, 1961, the appellant Minnie Jacoby Murray, by E. Llewellyn Overholt who was the guardian of her estate, filed a notice of appeal from the order of September 25, 1961.

On October 23, 1961, the appellant Murray, by the guardian of her estate, filed a notice of a motion for an order "setting aside, vacating, correcting and/or amending Nunc Pro Tunc," pursuant to the provisions of section 473 of the Code of Civil Procedure, the prior orders and decrees of distribution of August 21, 1961, and September 25, 1961. In the declaration filed by the guardian of the estate of the appellant, it was stated in part that letters of guardianship were issued on or about April 4, 1958, and were still in full force and effect, and that the guardian did not learn of the probate proceedings until informed thereof by Mrs. Murray on October 20, 1961. The executor opposed the motion and directed the attention of the court to the fact that on October 3, 1961, Mrs. Murray had signed a receipt for the sum of $5,604.05 as a one-thirteenth share of the residue, which sum was paid to her pursuant to the decree of September 25, 1961. The motion was denied. The court made findings of fact in which it found in part that E. Llewellyn Overholt had been the guardian of Mrs. Murray's estate since April 4, 1958, and that Mrs. Murray was committed to the Camarillo State Hospital on June 28, 1957, and was dismissed therefrom and given a certificate of competency by the medical superintendent of that hospital in August of 1958. The court further found that, as to the order under which $1,000 had been paid to Mrs. Murray free and clear of any trust, "it was the intent of said Order that said preliminary distribution be a portion of her share of the residue." It was also found that the executor had no actual knowledge of the existence of the guardianship at the

times it made distributions to Mrs. Murray. As a conclusion of law, it was stated that the attempt of the testatrix to create a trust failed "for the reason that the Will did not set forth the purposes of the trust in sufficiently specific language." The order was filed on March 14, 1962, and entered on March 26, 1962. A notice of appeal therefrom was filed on behalf of the appellant Murray on May 17, 1962. As has been noted, this attempted appeal must be dismissed because the order is not appealable.

The principal question to be determined is whether the sixth paragraph of the will was sufficient to constitute a valid disposition of $10,000 of the funds of the estate in favor of the appellant Minnie Jacoby Murray. The fact that the words "which is to be placed in trust for her use and benefit" were without effect because of the uncertainty and indefiniteness as to the manner in which the trust was to be performed (see *Lefrooth* v. *Prentice,* 202 Cal. 215, 227-228 [259 P. 947]; *Bank of Ukiah* v. *Rice,* 143 Cal. 265, 272 [76 P. 1020, 101 Am.St.Rep. 118]) is not the sole matter to be considered. In the interpretation of a will, ascertainment of the intention of the testator is the cardinal rule of construction to which all other rules must yield. (*Estate of Salmonski,* 38 Cal.2d 199, 209 [238 P.2d 966]; *Estate of Eggleston,* 129 Cal.App.2d 601, 604 [277 P.2d 469].) It is to be noted that no relative of the testatrix other than the appellant was mentioned in the will with respect to any specific amount in excess of $1,000. The only reasonable inference is that the testatrix particularly desired to make substantial provision for the appellant.

Some guidance in the solution of the problem presented is found in 5 Page on Wills (Bowe-Parker revision, 1962) section 40.31, wherein it is stated: "Where testator uses words which clearly show an intention to benefit the cestui que trust, and as a means to that end he attempts to create a trust which subsequently proves impossible of literal fulfillment and the paramount intention of testator may be given effect by treating the gift as an absolute one, free from any trust, such effect will be given. This is a particular application of the doctrine of general and particular intent." In the present case, the only reasonable interpretation of the sixth paragraph of the will is that the testatrix was primarily interested in benefiting her niece Minnie Jacoby Murray by a legacy of $10,000 (which she was "to receive") and that the attempted trust device was only intended as a suitable method of accom-

plishing her purpose. To deprive the appellant of that sum because of the failure to make proper provision for a trust would be to thwart the dominant intention of the testatrix, a course which is contrary to the governing law. (See *Estate of Kruger,* 55 Cal.App.2d 619, 622 [131 P.2d 619].) Consequently, unless other matters hereinafter discussed preclude such a conclusion, the determination must be that the decree of distribution should have provided for the payment of the sum of $10,000 (less deductions for applicable taxes) to the appellant without regard to the ineffective provision as to a trust found in the sixth paragraph. (See *Neely* v. *Phelps,* 63 Conn. 251 [29 A. 128]; *Bellows* v. *Page,* 88 N.H. 283 [188 A. 12]; *Wilkins* v. *Miltimore,* 95 N.H. 17 [56 A.2d 535]; *In re Yaeck's Estate,* 22 Pa. D. & C. Rep. 553, 555; 1A Bogert on Trusts § 207, p. 293.)

■ The decree of partial distribution which was entered on February 2, 1961, was conclusive as to matters properly before the court and therein determined. (*Estate of Adams,* 164 Cal.App.2d 698, 702 [331 P.2d 149].) However, no express determination was embodied in that decree as to the legal effect of the sixth paragraph of the will. In fact, the provision that the appellant was to receive the sum of $1,000 "Free and clear of any Trust or other limitation or condition" was consistent with the conclusion hereinabove expressed as to the legal effect of the sixth paragraph.

■ While the appellant signed a receipt bearing the date of October 3, 1961, in which she acknowledged that she had received $5,604.25 pursuant to the order and decree of distribution dated September 25, 1961, she was not thereby precluded from attacking that decree upon appeal. As stated in *Estate of Clark,* 190 Cal. 354 [212 P. 622], at page 359: "It is well settled that an appellant is not precluded from maintaining an appeal for the purpose of establishing a greater claim where it appears that he is entitled to that which he has accepted but is claiming something more."

Since it is necessary to reverse the decree of distribution of September 25, 1961, and remand the case to the superior court for further proceedings, one other matter should be noted. The executor asserts that "In view of the mandatory requirement of section 1020 of the Probate Code that distribution be made immediately upon the final settlement of the accounts of the executor, the executor has no alternative but to carry out the mechanics of distribution." A kindred argument is made as follows: "Having acted in accordance with a

valid order of the Probate Court, the executor has no duty to attempt to recoup from the distributees monies distributed to them even if the distribution order is modified.'' ■ But while a decree of distribution is conclusive as to the rights of legatees when it becomes final, even if erroneous and the record itself shows that it is erroneous (*Estate of Eckstrom*, 54 Cal. 2d 540, 544-545 [7 Cal.Rptr. 124, 354 P.2d 652]), the executor in the present matter chose to make distribution before the decree had reached the state of finality. In so doing, it assumed the risk that the decree might never become conclusive. On the present record it is not necessary for this court to determine what remedies may be available to the executor for the purpose of regaining moneys which have been improperly distributed. (Cf. *Heydenfeldt* v. *Superior Court*, 117 Cal. 348 [49 P. 210].)

The appeal from the order dated March 26, 1962, denying the motion of Minnie Jacoby Murray to vacate or amend the order of September 25, 1961, is dismissed (Civ. No. 26604). The judgment of September 25, 1961, decreeing distribution of the estate is reversed and the matter is remanded to the superior court with directions to determine the petition for final distribution and to enter a judgment decreeing distribution of the estate in accordance with the law as set forth in this opinion (Civ. No. 26412).

Shinn, P. J., concurred.

Files, J., deeming himself disqualified, did not participate.

A petition for a rehearing was denied July 3, 1963.