2008 ME 86

Marie MacCORMACK et al.

v.

Howard S. BROWER.

Supreme Judicial Court of Maine.

Submitted on Briefs: April 2, 2008.

Decided: May 22, 2008.

Susan C. Thiem, Esq., Christine E. Alberi, Esq., The Law Office of Susan C. Thiem, Lincolnville, ME, for Marie MacCormack and Mathew Morrison.

David Levesque, Esq., Law Office of David Levesque, P.A., Damariscotta, ME, for Howard S. Brower.

Panel: SAUFLEY, C.J., and CLIFFORD, LEVY, SILVER, MEAD, and GORMAN, JJ.

MEAD, J.

[¶ 1]  Marie MacCormack and Mathew Morrison appeal from a judgment of the District Court (Belfast, *Worth, J.*) in favor of Howard S. Brower holding that they were not entitled to exercise an option contract to purchase the property they were renting from him.  Appellants argue that: (1) because Brower's conduct violated Maine's Unfair Trade Practices Act, 5 M.R.S. §§ 205–A to 214 (2007), they are entitled to exercise the option, and (2) Brower is obligated to honor the option contract because the lease was still in effect when they exercised their option.  We affirm the judgment.

[¶ 2]  In late 1999 or early 2000, appellants contacted Brower to purchase a piece of property.  Appellants claim that they purchased the property outright after discussions with Brower.  The documentary evidence establishes otherwise.  The relevant documents were signed in June 2000 and include a lease, an option contract, and a description of the property with covenants.  The documents include no conveyance of title.  Indeed, the documents provide, in plain language, that appellants received only an option to purchase the property with several contingencies.

[¶ 3]  Appellants occupied the property and constructed a small residence and several appurtenant buildings.  Their rent was not always on time and Brower testified that, as of November 2003, they were four months behind on the rent.  On November 10, 2003, he sent appellants a let-

ter stating that he was terminating both the lease and the option contract.

[¶ 4] Appellants did not immediately quit the property; they continued paying rent and Brower continued to accept it. In late March 2004, they contacted Brower stating that they wanted to exercise the option to purchase the property. He refused, arguing that the option had terminated in November 2003. Following a trial, the District Court found that: (1) Brower had rented, not sold, the property to appellants; (2) they were frequently behind on their rent and had violated several terms of the lease; and (3) Brower had not breached the agreement because the termination of the lease was justified. Appellants argue that the option contract should be enforced because they did not breach the lease and because Brower did not treat it as terminated.[1] Whether a lease has been breached is a question of fact. *Botka v. S.C. Noyes & Co., Inc.,* 2003 ME 128, ¶ 15, 834 A.2d 947, 952. The District Court's findings that appellants were behind on their rent and that there were numerous violations of the lease are supported in the record. Because the option contract clearly states that the option automatically terminates on termination of the lease, the court's finding that the option had terminated is an appropriate conclusion of law. Upon termination of the lease, appellants were left as tenants at will only.

[¶ 5] The Maine Unfair Trade Practices Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." 5 M.R.S. § 207. The definitions of "unfair" and "deceptive" are questions of fact, *State v. Weinschenk,* 2005 ME 28, ¶ 8, 868 A.2d 200, 204, and whether a particular act or practice is "unfair" or "deceptive" is determined on a case-by-case basis, *Binette v. Dyer Library Ass'n,* 688 A.2d 898, 906 (Me.1996).[2] Thus, the trial court's findings are reviewed on the clear error standard, *State v. Shattuck,* 2000 ME 38, ¶ 13, 747 A.2d 174, 178, and will be vacated only where "no competent evidence supporting the finding exists in the record," *Weinschenk,* 2005 ME 28, ¶ 8, 868 A.2d at 204–05. The evidence in this case suggests no violation of the Unfair Trade Practices Act.[3]

---

1. The District Court's judgment clearly rejects this argument. The fact that Brower may have accepted overdue payments after expressly declaring the lease and option to be terminated does not somehow restore to appellants the rights they possessed before the termination.

2. As to unfairness, we have held that to be unfair an act must cause, or be likely to cause, substantial injury that is not reasonably avoidable by consumers, and the harm is not outweighed by a countervailing benefit to consumers or competition. *State v. Weinschenk,* 2005 ME 28, ¶ 16, 868 A.2d 200, 206; *see also Tungate v. MacLean–Stevens Studios, Inc.,* 1998 ME 162, ¶ 9, 714 A.2d 792, 797. As to deceptive acts, we have adopted the "clear and understandable standard," which states that "[a]n act or practice is deceptive if it is a material representation, omission, act or practice that is likely to mislead consumers

acting reasonably under the circumstances." *Weinschenk,* 2005 ME 28, ¶ 17, 868 A.2d at 206. An intent to deceive is not required. *Id.*

3. Appellants' argument that the partial performance doctrine applies and entitles them to specific performance fails because the evidence does not compel the finding that there was an oral contract or that appellants' partial performance was induced by Brower's misrepresentation. *See Sullivan v. Porter,* 2004 ME 134, ¶¶ 10–11, 861 A.2d 625, 630 (holding that the part performance doctrine is an exception to the statute of frauds); *Westleigh v. Conger,* 2000 ME 134, ¶ 12, 755 A.2d 518, 520 (holding that the party with the burden of proof at trial can prevail on appeal only if he demonstrates that the evidence compels a contrary finding). Furthermore, and most fundamentally, appellants' argument fails because there is an express, signed contract in this case that governs the parties'

The entry is:

Judgment affirmed.

relationship—that appellants had a different understanding of the terms is not an argument for the doctrine.

Appellants' argument that 33 M.R.S. §§ 481–482 (2007) applies is not considered because the statute explicitly does not include option contracts in its definition of a "land installment contract." *See* 33 M.R.S. § 481(2).