STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss                                  CIVIL ACTION
                                                Docket No. CV-09-678

MICHAEL DOYLE,

                    Plaintiff

v.                                              ORDER ON MOTION TO DISMISS

HSBC BANK, NEVADA, NA,                          STATE OF MAINE
and HSBC CARD SE RVICES,                         Cumberland, ss, Clerk's Office
INC.,
                                                      JUN 20 2011

                    Defendants                       **RECEIVED**


Before the court is defendants HSBC Bank, Nevada, NA and HSBC Card Services, Inc.'s motion to dismiss all counts of plaintiff Michael Doyle's complaint pursuant to M.R. Civ. P. 12(b)(1) and M.R. Civ. P. 12(b)(6).

BACKGROUND

According to the plaintiff's complaint, the plaintiff entered into an extension of credit with defendant HSBC Bank prior to September of 2008. (Compl. ¶ 5.) Defendant HSBC Card Services collected payments on the account. (Id. ¶ 6.) The plaintiff subsequently defaulted on his obligations to defendant HSBC Bank. (Id. ¶ 7.) Over the course of five months, the plaintiff alleges that defendant HSBC Bank directed defendant HSBC Card Services to call the plaintiff's home and harass him and his elderly mother at least 296 times, and as frequently as 68 times in a single week. (Id. ¶ 8.)

In 2008, defendant HSBC Bank filed a small claims action against the plaintiff in the Portland District Court, docket number PORDC-SC-2008-01275. (Id. ¶ 9.) The action was dismissed. (Id. ¶ 10.) The plaintiff's counsel sent the defendants' local

1

counsel a settlement letter pursuant to 5 M.R.S. § 213(1-A),[1] but the defendants did not respond. (Id. ¶¶ 11-12; Compl. Ex. A.)

The plaintiff filed a complaint against the defendants alleging causes of action for: violations of the Maine Unfair Trade Practices Act by defendant HSBC Bank, count I; violation of the Maine Fair Dept Collections Practices Act by both defendants, count II; and negligent infliction of emotional distress by HSBC Bank. The defendants now move to dismiss all counts of the plaintiff's complaint.

DISCUSSION

I.      Standard of Review

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. New Orleans Tanker Corp. v. Dep't of Transp., 1999 ME 67, ¶ 3, 728 A.2d 673, 674-75. The court deems the material allegations of the complaint as admitted and reviews the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Id.[2]

---

[1] Title 5, section 213 states, in relevant part:
> At least 30 days prior to the filing of an action for damages, a written demand for relief, identifying the claimant and reasonably describing the unfair and deceptive act or practice relied upon and the injuries suffered, must be mailed or delivered to any prospective respondent at the respondent's last known address. A person receiving a demand for relief, or otherwise a party to any litigation arising from the claim that is the subject of the court action, may make a written tender of settlement or, if a court action has been filed, an offer of judgment. If the judgment obtained in court by a claimant is not more favorable than any rejected tender of settlement or offer of judgment, the claimant may not recover attorney's fees or costs incurred after the more favorable tender of settlement or offer of judgment.

5 M.R.S. § 213(1-A).

[2] The court declines to consider documents outside the pleading. See M.R. Civ. P. 12(b); M.R. Evid. 201.

2

II.    Underline Unfair Trade Practices (Count I)

The defendants claim that the plaintiff fails to state a claim in count I of the complaint under the Unfair Trade Practices Act because (1) the plaintiff does not have standing to bring the claim and (2) the plaintiff failed to plead any loss of money or property to support a private cause of action under 5 M.R.S. § 213.

> Under the UTPA, there is a private cause of action for
>
> Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful . . . may bring an action . . . for actual damages.

5 M.R.S. § 213(1). "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." 5 M.R.S. § 207.

The defendants contend that the plaintiff does not have standing to bring a claim under the UTPA because his complaint, at most, alleges that the defendants engaged in unfair competition between debt collectors. (See Compl. ¶ 16.) The plaintiff does not allege that he is a debt collector.

The statute declares that "unfair or deceptive acts" are unlawful. At this stage in the proceedings and viewing the allegations as admitted and in the light most favorable to the plaintiff, the court cannot say that the plaintiff failed to state a claim upon which relief can be granted. (Compl. ¶¶ 8, 16.); see MacCormack v. Brower, 2008 ME 86, ¶ 5 & n. 2, 948 A.2d 1259, 1261.[3]

---

[3] The Law Court in MacCormack, noted the difference between unfair and deceptive acts under 5 M.R.S. § 207:

> "As to unfairness, we have held that to be unfair an act must cause, or be likely to cause, substantial injury that is not reasonably avoidable by consumers, and the harm is not outweighed by a countervailing benefit to consumers or

The defendants also contend that the plaintiff failed to plead a substantial loss of money or property to support a cause of action under the UTPA. The Law Court has stated:

> Maine's UTPA also requires that a plaintiff suffer "loss of money or property" before bringing a private action to recover. 5 M.R.S. § 213(1). Its primary purpose is to compensate an injured plaintiff; it is not intended to be used to harass. Bartner v. Carter, 405 A.2d 194, 201-02 (Me. 1979). Further, the injury suffered must be substantial. Suminski v. Me. Appliance Warehouse, Inc., 602 A.2d 1173, 1174-75 n.1 (Me. 1992). The substantial injury requirement is a limitation on the use of the UTPA for a private cause of action. Bartner, 405 A.2d at 201-02. "The plain language of the statute denies relief for plaintiffs who do not demonstrate injury from the alleged deceptive or unfair practice." Tungate [v. MacLean-Stevens Studios, Inc.], 1998 ME 162, ¶ 13, 714 A.2d [792,] 798.

McKinnon v. Honeywell Int'l, Inc., 2009 ME 69, ¶ 21, 977 A.2d 420, 427. The complaint alleges that the plaintiff "suffered a loss of money or property, real or personal" as a result of the defendants' unlawful acts.[4] (Compl. ¶ 17.) The plaintiff's allegations are sufficient to survive a motion to dismiss. See M.R. Civ. P. 8(a)(1).

III.    Fair Debt Collection Practices Act (Count II)

The defendants claim that the plaintiff fails to state a claim in count II of the complaint under the Maine Fair Debt Collection Practices Act, 32 M.R.S. §§ 11001, et seq. because (1) the plaintiff's complaint is barred by the applicable statute of limitations and (2) the plaintiff failed to plead that the defendants are debt collectors.

---

competition. State v. Weinschenk, 2005 ME 28, ¶ 16, 868 A.2d 200, 206; see also Tungate v. MacLean-Stevens Studios, Inc., 1998 ME 162, ¶ 9, 714 A.2d 792, 797. As to deceptive acts, we have adopted the "clear and understandable standard," which states that "[a]n act or practice is deceptive if it is a material representation, omission, act or practice that is likely to mislead consumers acting reasonably under the circumstances." Weinschenk, 2005 ME 28, P17, 868 A.2d at 206. An intent to deceive is not required. Id.

Id.

[4]There is no recovery for emotional distress under the UTPA. In re Hannaford Bros. Co., 660 F. Supp. 2d 94, 102 (D. Me. 2009) (quoting Bartner v. Carter, 405 A.2d 194, 203 (Me. 1979); (Compl. ¶ 16.)

4

The court need not reach the statute of limitations issue because the defendants are not debt collectors under the FDCPA. The FDCPA defines "debt collector" as "any person conducting business in this State, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 32 M.R.S. § 11002(6). Excluded from the definition of "debt collector" is "[a]ny person collecting or attempting to collect any debt owed or due, or asserted to be owed or due, to another to the extent that the activity . . . [c]oncerns a debt which was originated by that person." 32 M.R.S. § 11003(7)(B). The overwhelming majority of cases in which the Federal Fair Debt Collection Practices Act is interpreted establishes that a loan servicer is not a "debt collector." See, e.g., Clifton v. Citimortgage, Inc., 2011 U.S. Dist. LEXIS 25614, *15-16 (D.S.C. Mar. 11, 2011); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009), aff'd 2010 U.S. App. LEXIS 12464 (9th Cir. 2010); Reese v. JPMorgan Chase & Co., 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009); Motley v. Homecomings Fin., LLC, 557 F. Supp. 2d 1005, 1009 (D. Minn. 2008); Dawson v. Dovenmuehle Mortgage, Inc., No. 00-6171, 2002 U.S. Dist. LEXIS 5688, at *14-15 (E.D. Pa. Apr. 3, 2002); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985).

HSBC Bank extended credit to the plaintiff. HSBC Bank hired HSB Card Services to collect payments. The plaintiff subsequently defaulted on the contract. (Compl. ¶¶ 5-7.) Accordingly, neither defendant can be held liable under the FDCPA.

IV.    Negligent Infliction of Emotional Distress (Count III)

HSBC Bank does not owe the plaintiff a duty to avoid causing him emotional distress. There is no special relationship between a consumer and his credit card company. See Curtis v. Porter, 2001 ME 158, ¶ 19, 784 A.2d 18, 25-26 (recognizing a duty to act reasonably to avoid causing emotional harm in bystander liability actions

5

and when a special relationship exists between the actor and the person emotionally harmed.). The plaintiff in count III of his complaint fails to state a claim.

The entry is

> The Defendants' Motion to Dismiss Count I of the Plaintiff's Complaint is DENIED.
>
> The Defendants' Motion to Dismiss Count II and Count III the Plaintiff's Complaint is GRANTED. Count II and Count III of the Plaintiff's Complaint are DISMISSED.

Date: June 15, 2011

Nancy Mills
Justice, Superior Court

CUM CV-09-678

6